LOUIS PUTNEY, plaintiff in error, *vs*. SWIFT, MURPHY & COMPANY, defendants in error.

If A and B contract that A shall serve B as a clerk for four months at a specified rate per month, and B refused, on the application of A, to permit him to enter on the work, A has a right to recover, not his four months' wages, but the damages which have come to him from B's breach of contract.

Contracts.    Damages.    Master and servant.    Before Judge JAMES JOHNSON.    Muscogee Superior Court.    November Term, 1874.

Putney brought suit against Swift, Murphy & Company, alleging that on the 5th of December, 1869, defendants employed him as yardsman and shipper for their warehouse, from the 1st of January, 1870, to the 1st day of June of the same year; that defendants were to pay him at the rate of $75 00 per month for such service; that on the 1st of January, 1870, plaintiff went to defendants and offered to carry out said contract and enter on the duties which he had contracted to perform; that defendants refused to allow plaintiff to perform his contract, and refused to pay him the amount stipulated.

Defendants pleaded the general issue.

The court charged the jury, "that the measure of damages contended for by plaintiff's counsel, to-wit: that if the contract was made, as alleged by plaintiff, and defendants refused to accept the services of plaintiff under said contract, that the plaintiff was entitled to recover the money agreed to be paid plaintiff by defendants, is not the measure of damages in this case; but plaintiff is only entitled to recover such damages as he has shown that he has sustained by reason of the refusal of defendants to accept his services; that he can only recover the difference between what he was to receive for his services and what he may have received or could have received from others."

To this charge the plaintiff excepted.

The jury found for the plaintiff five cents.

Error is assigned upon the above ground of exception.

Putney vs. Swift, Murphy & Company.

BLANDFORD & GARRARD, for plaintiff in error.

No appearance for defendants.

McCAY, Judge.

The cases in 8 *Georgia*, 190, 14 *Ibid.*, 135, and 21 *Ibid.*, 157, are all cases where the servant (overseer,) had actually entered upon the performance of the duties undertaken and was discharged; and the provisions of section 2217 apply to the same state of facts. The case at bar is not that case. Here the relation of master and servant did not, in fact, commence. The employee did not enter on the service. The books make a clear distinction in the cases. The rule, as laid down in 8 *Georgia*, 192, and adopted by the Code, is taken from the summary of Mr. Smith in his book, Master and Servant, page 95, and is, in terms, applicable to a servant wrongfully *discharged*. A suit for refusing to permit the plaintiff to enter on the duties he is employed to perform stands on a different footing. He can only recover the damages he has suffered. It stands like any other breach of contract, as a contract to buy corn or cotton, or to do any other thing. The *measure* of damages, as laid down in 8 *Georgia*, 192, and the Code, seems anomalous, and it is difficult to sustain them, either on principle or by authorities. That case, and the other cases in our books and the provisions of the Code, all apply to overseers; and whilst it is not apparent that there ought to be any distinction between this class of servants and others, yet as they were a large and influential class, under our old system special rules might be, for reasons of public policy, applicable to them. Undoubtedly, at common law, even as to discharged servants, the measure of damages was for the jury, under the proof. It might be less or more than the contract price: See Smith on Master and Servant, 98, 99. We do not feel authorized to go further than these cases and the Code go, to-wit: to apply the rule further than to discharged servants. Obviously, the rule is not a fair one. The

servant may have got no damage. He may have, in fact, got better wages, and it is bad policy to encourage one to stay idle. We think the charge of the court, under the facts of the case, was right.

Judgment affirmed.