LEA v. HARRIS.

Construing the declaration in this case in the light of section 2954 of
the code, the action was not for a breach of contract, but for a
tort, such tort being a violation of a specific duty flowing from re-
lations between the parties created by contract. Hence, though
the recovery was less than fifty dollars, the plaintiff was entitled
to full costs, and section 3678 of the code does not apply.

December 28, 1891.                              *Judgment affirmed.*

Actions. Torts. Contracts. Costs. Before Judge
MILNER. Gordon superior court. February term, 1891.

Harris sued Lea for damages. The declaration alleged
that Lea, in January, 1887, sold to Harris all timber of
a certain description on certain lands, for which Harris
was to and for which he did pay Lea $10 ; that Harris
was to have until December 1, 1887, to cut, haul and re-
move the timber from the land, and in compliance with
the contract did cut and remove part of it, and was in
good faith carrying out the contract when Lea in June,
1889 (1887), before the time had expired which Harris
was to have to cut and remove the timber, compelled
Harris to stop cutting it and to give up the contract, by
telling him he would have him arrested if he continued
to carry out the contract, and refused to allow Harris to
execute the contract, to the damage of Harris $125.
The action was brought in the superior court, and a
verdict was rendered for plaintiff for $15. The defend-
ant moved the court to tax the costs as at not more than
would have accrued if the suit had been brought in a
justice's court. This motion the court overruled, and
directed the clerk to tax full costs in the case, which
was accordingly done ; to which ruling the defendant
excepted. The bill of costs amounted to $18.65, which
included $4.50 witness fees and $2.00 commissioner's
fees, the remainder being fees of the clerk and sheriff.

R. J. & J. McCamy and W. J. Cantrell & Son, for plaintiff in error, cited 84 *Ga.* 137.

O. N. Starr, by E. J. Kiker, *contra.*