## LOUISVILLE & NASHVILLE R. R. CO. v. SPINKS.

1. A breach by a railroad company of an executory contract, into which it was under no legal duty of entering, to furnish the other contracting party with transportation from one point to another, is not a tort and does not give rise to an action ex delicto.
2. The damages recoverable for the violation of such a contract are to be arrived at by taking into account the value of the injured person's lost time, the cost of transportation between the two places, and any other loss or expense legitimately flowing from the failure of the company to comply with its undertaking.
3. Physical discomfort, pain, weariness, and injuries to limb or foot, occasioned by walking over the distance between the places above indicated,. are not proper elements of damage in such a case.
4. On the trial of an action for the breach of such a contract, it was erroneous to give in charge to the jury the rules of law relating to actions ex delicto, and especially, to read to them the first sentence of section 3907 of the Civil Code, concerning the measure of damages in certain cases of tort.

Submitted May 21, —Decided June 8, 1898.

Action for damages.  Before Judge Berry.  City court of Atlanta.  November term, 1897.

*Van Epps & Leftwich*, for plaintiff in error.
*John T. Pendleton*, contra.

LUMPKIN, P. J.   The plaintiff's petition alleged : The defendant made a contract with petitioner to work for it in its yards in the city of Cincinnati, Ohio.   "Under the terms of said contract, defendant was to furnish petitioner transportation to the city of Cincinnati, and pay all of his expenses going to said city and while remaining in said city until [the defendant] gave him work; and if he was not willing to work after getting to Cincinnati, defendant was to furnish him transportation back to the city of Atlanta, Ga., and pay him for all the time in going and returning."   In pursuance of this contract, he was conveyed to Cincinnati at the defendant's expense and lodged in a hotel, but, on account of temporary illness, was denied employment and forced to leave the hotel.   He then demanded of the defendant a ticket which would bring him back to Atlanta, and the same was refused.   Being without money, he was forced to walk back to his home in Atlanta, a distance of several hundred miles, and in so doing suffered much from pain, weariness, and blistered feet.   On the trial the plaintiff introduced evidence tending to support the allegations of his petition, and obtained a verdict for $370.00.   The case was tried as an action ex delicto.   The court permitted the plaintiff to prove, as elements of damage, the pain and weariness he suffered during his journey on foot between Cincinnati and Atlanta, and, in this connection, the fact that his feet, because of this walk, were blistered and made sore.   Certain charges were given to the jury, by which they were 'in effect instructed that if the defendant wrongfully refused to give the plaintiff employment, and in violation of its contract declined to furnish him with transportation from Cincinnati to Atlanta, the injuries above mentioned might be considered in arriving at the amount of damages to which he was entitled.   The court also read to the jury the first sentence of section 3907 of the Civil Code, which is as follows:   "In some torts the entire injury is to the peace, happiness, or feelings of the plaintiff; in such cases no measure of damages can be prescribed, except the enlightened conscience of impartial jurors."

Even if the defendant violated its agreement with the plaintiff, and he therefore became entitled to recover for a breach of

the contract, the verdict now under review can not stand, because the case was tried upon a totally erroneous theory. It was, in our opinion, a plain action ex contractu, and the law relating to actions ex delicto had no application to it whatever. It is exceedingly difficult, especially in view of the numerous decisions of courts holding that divers wrongs more or less connected with breaches of contracts are torts, to give an accurate and satisfactory definition of the word "tort." After pointing out many of the difficulties in the way of so doing, in the course of which it is said that "A tort is an act or omission, giving rise, in virtue of the common-law jurisdiction of the court, to a civil remedy which is not an action of contract," Pollock lays down the following somewhat elaborate definition of the meaning of this term: "Tort is an act or omission (not being merely the breach of a duty arising out of a personal relation, or undertaken by contract) which is related to harm suffered by a determinate person in one of the following ways: (a) It may be an act which, without lawful jurisdiction or excuse, is intended by the agent to cause harm, and does cause the harm complained of. (b) It may be an act in itself contrary to law, or an omission of specific legal duty, which causes harm not intended by the person so acting or omitting. (c) It may be an act or omission causing harm which the person so acting or omitting did not intend to cause, but might and should with due diligence have foreseen and prevented. (d) It may, in special cases, consist merely in not avoiding or preventing harm which the party was bound, absolutely or within limits, to avoid or prevent." Webb's Pollock on Torts, 4, 20. Mr. Bishop, in his work on Non-Contract Law (§ 4), says: "The word 'tort' means nearly the same thing as the expression 'civil wrong.' It denotes an injury inflicted otherwise than by a mere breach of contract; or, to be more nicely accurate, a tort is one's disturbance of another in rights which the law has created either in the absence of contract, or in consequence of a relation which a contract had established between the parties." This definition is adopted in 26 Am. & Eng. Enc. L. 72. "The word torts is used to describe that branch of the law which treats of the redress of injuries which are neither crimes nor

arise from the breach of contracts. All acts or omissions of which the law takes cognizance may in general be classed under the three heads of *contracts, torts,* and *crimes. Contracts* include agreements and the injuries resulting from their breach. *Torts* include injuries to individuals, and *crimes* injuries to the public or State." 2 Bouv. Law Dic. 736–737, citing 1 Hill on Torts, 1. In a footnote on page 6 of 1 Jaggard on Torts, the author says: "A very simple, but in many respects admirable, definition suggested is: 'A tort is a breach of duty fixed by municipal law, for which a suit for damages may be maintained.'" And it is further remarked, "that the duties for the violation of which an action in tort can be maintained against a common carrier or a master are really fixed by municipal law, although they may be also incorporated in a contract."

Section 3807 of our Civil Code reads as follows: "A tort is a legal wrong committed upon the person or property independent of contract. It may be either—1. A direct invasion of some legal right of the individual. 2. The infraction of some public duty by which special damage accrues to the individual. 3. The violation of some private obligation by which like damage accrues to the individual." Section 3810, which is a portion of the chapter on torts, declares that: "Private duties may arise either from statute, or flow from relations created by contract express or implied. The violation of any such specific duty, accompanied with damage, gives a right of action." In arriving at a correct understanding of the meaning of section 3807, the words "independent of contract" must be understood as applying to each one of the three subdivisions embraced in that section. Accordingly, the third subdivision means the same as if it read, "The violation of some private obligation, *independent of contract,* by which like damage accrues to the individual"; and section 3810, in so far as it refers to private duties flowing from "relations created by contract, express or implied," means the same thing.

Every person who makes a contract of any kind is, of course, under a duty of performing it; but it would never do to hold that every breach of a civil contract, though necessarily in a sense involving a breach of the duty thereby imposed, would

give rise to an action ex delicto. Judge Cooley says that at common law: "Breaches of contract were mere failures to perform agreements, and the actions for redress in the courts of law were actions on contracts, or actions ex contractu. Other acts or omissions giving rise to a suit at law were called specifically wrongs or torts, and the actions by which redress was to be obtained were called actions for torts or actions ex delicto." Cooley on Torts (2d ed.), 2–3. This distinguished author, on pages 103 and 104 of the same work, says: "Passing now from a consideration of torts as they are found to be akin to or coincident with public wrongs, we may briefly direct attention to another side, on which they seem to be mere breaches of contract. Indeed, in many cases an action as for a tort or an action as for a breach of contract may be brought by the same party on the same state of facts. This, at first blush, may seem in contradiction to the definition of a tort, as a wrong unconnected with contract; but the principles which sustain such actions will enable us to solve the seeming difficulty." He then proceeds, on pages 105 and 106, to give illustrations where actions ex delicto may arise from a breach of private duty originating in contract. Among these, he declares that "The case of the common carrier furnishes us with a conspicuous illustration," and also refers to the duties resting upon bailees and innkeepers, concluding with the remark: "The rule is general that where contract relations exist, the parties assume toward each other no duties whatever besides those the contract imposes."

Our own reports afford numerous instances where one who has sustained damages may bring an action upon the contract broken, or declare in tort for the defendant's violation of a duty imposed by law. See *Georgia Southern Railroad Co.* v. *Bigelow*, 68 *Ga.* 219; *City & Suburban Railway* v. *Brauss*, 70 *Ga.* 368; *Georgia Railroad Co.* v. *Eskew*, 86 *Ga.* 641; *Caldwell* v. *Richmond & Danville Railroad Co.*, 89 *Ga.* 550; *Central Railroad Co.* v. *Strickland*, 90 *Ga.* 562. These were all actions against railroad companies, in each of which the defendant, in violating the contract rights of the plaintiff, was also guilty of a breach of its public duty as a common carrier. The case of *Lea* v. *Harris*, 88 *Ga.* 236, furnishes an illustration of the vio-

lation of a private obligation or specific duty arising out of a contract and accompanied by damage which gave to the plaintiff a right of action ex delicto.    Lea sold Harris the timber on certain land and contracted to allow him until a day named in the future within which to cut, haul and remove the timber from the land, but in disregard of this contract prevented Harris from cutting and removing the timber and forced him to give up the contract.    Harris's right to cut the timber arose under a contract; but Lea's unlawful interference with the exercise of that right was, under the circumstances, held to be a tort.

We are unwilling to strain sections 3807 and 3810 of our code beyond what we regard as their true intent and meaning, by holding that a breach of an executory contract, into which a railroad company was under no legal duty of entering, can be made the basis of an action ex delicto; nor have we been able to find any decision of this court which, fairly construed, would constrain us to go to such an extent.    If a contract for passage has been actually made and violated — as, for instance, by expelling a passenger from a train,— clearly the injured party may sue in tort.    Or, if a person applied to the proper agent of a railroad company for a ticket, tendered the requisite price, and the ticket was refused, this would be a violation of the carrier's public duty, which would entitle such person to bring an action ex delicto.    It would be easy to multiply illustrations of this kind; but the present case is altogether different.    The plaintiff was not, in any sense, a passenger, either of the defendant company or of any railroad company having a line forming a part of a railroad route between the cities of Cincinnati and Atlanta.    It does not affirmatively appear that the defendant company's line constituted a portion of any such route of travel.    There was simply an executory agreement between the plaintiff and the defendant, whereby the latter, upon condition that the former did certain things, was to furnish him transportation from one city to another.    Assuming that the plaintiff performed his part of the agreement, the defendant's refusal to comply with its obligations thereunder was like any other breach of an ordinary contract, involving no violation of a public duty or of a private duty resulting in any in-

vasion of a vested right of the plaintiff in the premises. If the railroad company had owed him wages for work already done, a failure to pay the same would, of course, in a certain sense, be the breach of its duty to him; but at the same time, such failure would not constitute a tort. The breach of the contract now under consideration is of a similar nature and stands upon precisely the same legal footing. We are unable to see that the case has a single element of tort. It follows, of course, that if the plaintiff voluntarily took upon himself the burden of walking over the several hundred miles lying between Cincinnati and Atlanta, he can not in law compel the defendant to compensate him for his pain and weariness or for the blisters on his feet. The measure of the damages which should be allowed in such a case is that indicated in the second headnote.

*Judgment reversed. All the Justices concurring.*