LOUISVILLE & NASHVILLE RAILROAD CO. *v.* DuBOSE.
LOUISVILLE & NASHVILLE RAILROAD CO.
*v.* HOLLIDAY.

A railroad company is not bound to receive and transport passengers on a train, consisting of an engine and a freight-car, made up for the purpose of meeting an emergency caused by a wreck on its line; and one who, with knowledge of the circumstances, by permission merely of the conductor takes passage on such a train, can not recover damages from the railroad company on account of its refusal to give him return passage on the same train, it appearing that such refusal was not capricious or wanton, but was due entirely to the existence of the emergency referred to.

Argued May 19,— Decided June 8, 1904.

Actions for damages. Before Judge Evans. Taliaferro superior court. December 10, 1903.

*Joseph B. & Bryan Cumming* and *James B. Park*, for plaintiff in error. *Colley & Sims, Hawes Cloud*, and *I. T. Irvin Jr.*, contra.

CANDLER, J. DuBose and Holliday each brought suit against the railroad company for damages growing out of alleged injuries described in their respective petitions. DuBose obtained a verdict for $200, and Holliday one for $60. The cases were tried separately in the court below, but were argued together here, as both grew out of the same transaction and are controlled by the same principles of law. In each case the railroad company excepts to the overruling of its demurrer to the petition, and to the

refusal of its motion for a new trial. It appears that there had been a wreck on what is known as the Washington branch of the defendant's road, several miles from the town of Washington, by reason of which regular traffic on that branch had been suspended. An engine and freight-car were run from Washington to the scene of the wreck, and the plaintiffs and others requested permission of the conductor in charge of the train to ride thereon, which was granted. The plaintiffs offered to pay the conductor for the round trip, but he would accept fare only one way. He had previously told the plaintiffs that he would probably return to Washington in about an hour. This was about seven o'clock in the evening. The train, however, did not leave the scene of the wreck until about midnight, and when it did the conductor, acting under instructions from the superintendent of the railroad, refused to transport the plaintiffs, who walked back to Washington. The present suits are based on the physical and mental suffering alleged to have been thereby occasioned.

These facts, which are made to appear from the undisputed evidence, do not, in our opinion, show any right on the part of the plaintiffs to recover damages. The train upon which the plaintiffs rode from Washington to the scene of the wreck was in no sense a regular passenger-train, — indeed it was neither regular nor passenger. Its sole purpose was to meet an emergency with which the employees of the defendant were confronted. This fact was well known to the plaintiffs. The defendant was under no obligation to transport them on this train at all. There is nothing in the evidence to show that they were on the train by the invitation of the conductor. On the contrary they sought him out and requested him to allow them to ride on the train, demonstrating that they recognized that he was under no obligation to do so. Nor can it be successfully contended that the defendant is liable to the plaintiffs for the violation of the verbal contract alleged to have been made with them by the conductor to allow them to return on the train when it should come back to Washington. It is true, as a general proposition, that a person on a train may rely on the undertakings of the conductor within his implied authority; but in the present case the plaintiffs were well aware that an emergency existed which had deranged all regular business on this branch of the defendant's road, and which was liable to upset any

plans that might be made by the conductor with reference to the running of this train.    When they boarded the train they took the ·chances of the happening of such a contingency.    It is not made to appear that the refusal to bring them back to Washington was capricious or wanton, and in no view of the case as disclosed by the evidence can they recover damages for such refusal. See *Louisville & N. R. Co.* v. *Spinks,* 104 *Ga.* 692.    Regardless of the points raised by the defendant's demurrers, and the cases as made by the evidence only being argued here upon the cases as made by such evidence alone, we are satisfied that the evidence showed no right on the part of the plaintiffs to recover ; and the judgment in both cases is therefore

*Reversed.    All the Justices concur, except Evans, J., disqualified.*