### 3006.　PAYNE, by next friend, *v.* WATTERS *et al.*

POWELL, J.　1. Where by contract the relation of landlord and cropper exists for a certain year, and, after the cropper has performed the greater portion of the work, the landlord, without cause, refuses to allow him to go forward and complete the labor essential to the cultivation and harvesting of the crops, and compels him to leave the premises, the cropper may maintain an action of tort against the landlord, and may recover such damages as flowed to him through the landlord's wrongful act; and it is proper, in a suit brought for such a wrong, that the plaintiff should set up the value of the crops that were raised upon the premises, and what his portion of the same would have been worth, as tending to illustrate the extent of the damage which he had suffered as a result of the landlord's wrong.

2. An action of tort may be maintained for the violation of a specific duty flowing from relations between the parties, created by contract.　See *Lea* v. *Harris,* 88 *Ga.* 236 (14 S. E. 566), as explained and construed in *L. & N. R. Co.* v. *Spinks,* 104 *Ga.* 692 (30 S. E. 968), and *State Mutual Life Asso.* v. *Baldwin,* 116 *Ga.* 855, 860 (43 S. E. 262).　A contract of landlord and cropper, when performance of it has been entered upon, creates a status between the parties, from which reciprocal rights and duties spring; and a tort, as well as a breach of contract, may arise from the violation of one of these duties.　　　*Judgment reversed.*

DECIDED APRIL 24, 1911.

Action for damages—demurrer; from city court of Floyd county —Judge Nunnally.　September 27, 1910.

*C. Irving Carey, W. B. Shaw,* for plaintiff.
*M. B. Eubanks,* for defendants.