### 4151.　GEORGIA, FLORIDA & ALABAMA RAILWAY CO. *v.* PARSONS.

1. In a suit for damages growing out of a breach of contract, the petition is not demurrable on the ground that it does not state whether the contract was in writing. A general allegation of the execution of a contract is sufficient; the specific character of the contract being a matter of proof. If the contract is of a kind required by the statute of frauds to be in writing, the presumption is that it was in writing.
2. "Though suit [for breach of a contract of employment] be brought before the term of hiring has expired, yet the recovery may embrace all the damages down to the expiration of the term, the trial being had after the whole of such damages became susceptible of definite proof—that is, after the term expired."
3. In an action for wrongful discharge from employment, the measure of damages is the full loss which the discharged employee sustained by reason of the breach of the contract of employment. A diminution is to be allowed, however, for any profit which he might, by the exercise of due diligence, have received by reason of his having been re-

lieved from the duties of his employment. The burden of proof that such profit was made, or by reasonable diligence could have been made, is upon the defendant.

4. Where a suit is brought against a corporation to recover damages for breach of contract, the petition should specifically allege who represented the corporation in making the contract. Where, however, it appears that the failure to state in the petition the name of the agent or officer who made the contract could not have been harmful to the defendant (the contract having been admitted by the defendant), it is not cause for reversal that the judge overruled a demurrer based on such failure.

5. Although much of the evidence objected to on the ground that it was secondary in character was subject to this objection, yet the error in admitting it was rendered harmless by the fact that the primary evidence was subsequently admitted.

6. A new trial will not be granted because of admission of evidence, although clearly irrelevant and immaterial, which is shown by the record to have been entirely harmless and could not have affected the substantial rights of the objecting party. No error of law of a material or hurtful character seems to have been committed in the trial of the case, and the verdict is supported by the evidence.

DECIDED JANUARY 30, 1913.

Action for damages; from city court of Bainbridge—Judge Harrell. April 4, 1912.

Judge Pottle being disqualified, Judge Bell, of the Atlanta circuit was designated to preside.

This was a suit to recover damages for the wrongful discharge of an employee. It was alleged in the petition that the plaintiff was under contract with the defendant railway company; that his contract of employment was to continue from March 15, 1909, to January 1, 1910; that under the contract he was to receive a salary of $150 per month, payable monthly in advance, and that he was discharged without cause before the expiration of his contract. The petition was filed on November 16, 1910, and was for the recovery of the full amount alleged to have been due under the contract from the date of the discharge—June 14, 1909—until the termination of the contract,—January 1, 1910. The petition failed to allege that the contract was in writing, failed to state what agent or officer of the railway company made the contract with the plaintiff, and failed to set out specifically the plaintiff's duties under the contract. It was alleged generally that he was employed in the capacity of train-master from March 15, 1909, to January 1, 1910, at a salary of $150 per month, to be paid monthly.

The defendant demurred generally, and on the grounds, among

others, that the plaintiff failed to attach to the petition a copy of the contract in question, or to allege whether the contract was written or oral; that the allegations of the petition showed that the suit was prematurely brought, for the reason that the time for the completion of the contract had not expired, and the suit was for the entire amount which would have been due under the contract; and that the petition failed to show that the discharged employee had not obtained or could not have obtained employment elsewhere. The court overruled the demurrer. The plaintiff obtained a verdict for $756.74, and the defendant made a motion for new trial, on the general grounds, and on numerous special grounds, alleging error in the admission of secondary evidence, and of irrelevant and immaterial evidence, and in the charge of the court. The case came to this court on exceptions to the overruling of the demurrer, and the overruling of the motion for a new trial.

*T. S. Hawes,* for plaintiff in error.

*John R. Wilson, M. E. O'Neal, Little & Powell,* contra.

BELL, J. (After stating the foregoing facts.)

1. It is well settled, by the rulings of this court and of the Supreme Court, that where proceedings are brought to enforce rights arising under a contract, failure to allege whether the contract was in writing can not be taken advantage of by demurrer. If the contract is of a kind which the law requires to be in writing, it will be presumed that it was in writing; but, under the general allegation of a contract and of the breach thereof, evidence would be admissible to prove the character of the contract,—whether it was in writing or in parol. *Freeman* v. *Matthews,* 6 *Ga. App.* 164 (64 S. E. 716); *Draper* v. *Macon Dry Goods Co.,* 103 *Ga.* 663 (30 S. E. 566, 68 Am. St. Rep. 136); *Walker* v. *Edmondson,* 111 *Ga.* 457 (36 S. E. 800).

2. Was the suit prematurely brought? Section 3588 of the Civil Code (1910) gives three remedies to the discharged employee, as follows: He may sue immediately for any special injury from the breach of the contract. Or, treating the contract as rescinded, he may sue for the value of the services rendered. Or he may wait until the expiration of the time of service, under the contract, and sue to recover his entire wages. In the present case the employee did not wait until the expiration of the time of his contract, before filing suit, but brought suit for the entire amount

due him under the contract, from the date of his discharge down to the expiration of the term of the contract. This section of the code, so far as this remedy is concerned, has been construed by the Supreme Court and by this court. In the case of *Roberts* v. *Rigden,* 81 *Ga.* 440-442 (7 S. E. 742), it is held, that "though suit be brought before the time of hiring has expired, yet the recovery may embrace all the damages down to the expiration of the term [of the contract], the trial being had after the whole of such damages became susceptible of definite proof—that is, after the term expired." In the course of the opinion, Chief Justice Bleckley says, in speaking of this matter: "That the state of facts down to the time of trial, or rather down to the expiration of the term of hiring, the trial having been had afterwards, could be considered in order to ascertain the plaintiff's damages resulting from the alleged breach, was ruled . . in the case of *Roberts* v. *Crowley,*" 81 *Ga.* 439 (7 S. E. 740). In that case it was broadly held that "all relevant facts transpiring between the time of the wrongful discharge of a servant and the trial of his action therefor (the same being an action for breach of the contract of employment, and brought before the contract term had expired) may be considered in estimating the damages." And the measure of damages was held to be the amount due under the contract from the date of this breach to the time of the trial; deducting any sums earned by the employee after his discharge.

In the present case, as has been stated, suit was brought for the entire amount claimed to be due under the contract, from the date of the discharge to the time for the completion of the contract. The trial of the case, however, took place after the expiration of the time for the completion of the contract, and, under the decision cited, all damages would be recoverable that had been incurred by the discharged employee; in other words, the amount that would be due him from the time of his discharge to the time of the trial, less any amount which had been earned by him in other employment, he being under duty to exercise diligence to lessen the damages in the matter. As was said by this court in *Realty Co.* v. *Ellis,* 4 *Ga. App.* 405 (61 S. E. 834): "The plaintiff, when the defendant wrongfully discharged him, had the right to sue at once, and to prove, and to recover for, all damages which may have accrued up to the date of the trial."

3. While the discharged employee is under a legal duty to lessen any damages which he may have sustained by reason of an improper discharge, and, for that purpose, to use diligence in seeking employment elsewhere, yet he need not allege in his petition any lessening of the damages by earnings from any other source—this being a matter of affirmative defense; and the burden of proof is on the defendant to show that the discharged servant had obtained, or, by the exercise of proper diligence, could have obtained other employment subsequently to his discharge. *Roberts v. Crowley,* supra; *Realty Co.* v. *Ellis,* supra; *Jackson* v. *Atlantic Coast Line Ry. Co.,* 8 *Ga. App.* 498 (69 S. E. 919).

4. The ground of the demurrer which called for a statement in the petition as to the person with whom the alleged contract was made, or as to what agent of the company made the contract, is, we think, well taken. The defendant was entitled to have this information. But this was a special demurrer, and could have been easily met by amendment. Reviewing the entire record, however, we think that no harm was done by the fact that this ground of the demurrer was overruled; for it is admitted in the defendant's answer that the plaintiff was employed as train-master, as alleged in the petition; and since the contract of employment was admitted by the defendant, it would seem to have been immaterial who represented the defendant in making the contract. The question of authority to make the contract could not be material, in view of the admission that the contract, as alleged, was made, and that the employee was discharged because of inefficiency, non-performance of his duties under the contract, and disobedience of instructions of his employer. In other words, the contract was admitted, and the discharge was admitted, but the defense relied upon was a justification of the discharge. So, even assuming that the trial judge should have compelled the petitioner to give the information called for by the special demurrer, his failure to do so could not have been harmful, under the facts disclosed by this record. *Wrightsville* v. *Vaughan,* 9 *Ga. App.* 372 (5), (71 S. E. 691).

The other grounds of the demurrer need not be specially considered, because we think they are without merit. There was no error in overruling the demurrer on any of the grounds stated. At least there was no error of sufficient gravity, under all the facts

disclosed by the record, to justify this court in sending the case back for another trial, based on any error in the judgment on the demurrer.

5. As to the motion for a new trial: A great deal of the evidence offered by the plaintiff was objected to on the ground that it was secondary in character; that the evidence as to the facts sought to be shown was in writing; that this evidence illustrated the question as to the authority of the plaintiff's employment. Witnesses who had been officers of the defendant company testified as to their official connection with it, and as to their duties as such officials, and as to the fact of the plaintiff's employment. All of these exceptions may be disposed of by the statement that they were fully cured, if meritorious when first made, by the subsequent introduction of written evidence claimed to be primary. In view of the fact, however, that there was no contradiction that the plaintiff was in fact employed as train-master (his employment being admitted by the defendant company) and performed the duties of train-master, it would seem that the method in which these facts were shown, whether by parol or by writing, was immaterial.

A great deal of testimony was objected to on the ground that it was wholly immaterial and irrelevant; and it is true that much testimony of this character was admitted; but a careful consideration of it shows beyond question that it was so immaterial and irrelevant as to have been entirely harmless. It related to matters which could not have affected the plaintiff's right to recover, or did not in any way detract from the strength of the defense, or limit its character or scope; and it is well settled that a new trial will not be granted because of the admission of testimony of this character.

6. The excerpts from the charge which are objected to, when considered in connection with the entire charge, are unobjectionable. The issues made by the pleadings and the evidence were fairly, fully, and correctly presented to the jury. There is evidence to support the verdict, and we find no error of law of so serious a character as to warrant us in interfering with the judgment of the trial court approving the verdict; and we therefore affirm the judgment.                    *Judgment affirmed.*