CHARLES A. HOWELL, JR., by next friend, v. NASHVILLE IN-TERURBAN RAILWAY.

Middle Section.   Dec. 4, 1926.

Petition for Certiorari denied by Supreme Court March 12, 1927.

1. **Railroads. Where passenger is ejected from a street car gently and peaceably there is no action for punitive damages.**
In an action to recover damages for being ejected from a street car where the evidence showed that the complainant offered a token of another company which the conductor refused to receive and that the conductor then peaceably led complainant out of the car and placed him upon the street, held that there was no evidence to support a judgment for punitive damages.

2. **Railroads. It is the duty of a passenger to pay a disputed fare and then recover his damages.**
The rule is that whenever there is reasonable ground to dispute a passenger's right to ride on the ticket he holds, it is his duty to pay the additional fare demanded, if able to do so, and sue for the amount; and the damages cannot be increased by an obstinate resistance to the conductor's command and by forcing him to resort to compulsion.

3. **Railroads. Evidence. Evidence held to show conductor justified in ejecting passenger.**
Where the evidence showed that the passenger offered a token of another company and the evidence did not show that the company on whose car he was riding had any agreement with the other company in regard to accepting their tokens, held that the conductor was justified in refusing to accept the token and ejecting the passenger.

· Appeal in Error from Circuit Court, Davidson County; Hon. E. F. Langford, Judge.

Affirmed.

Atkinson and Atkinson, of Nashville, for plaintiff in error.

White and Howard, of Nashville, for defendant in error.

DeWITT, J.   This action originally instituted before a Justice of the Peace was tried upon appeal before the Circuit Judge and a jury and at the close of the plaintiff's evidence the trial Judge upon motion of defendant directed the jury to return a verdict in its favor.   The suit was based upon an alleged wrongful ejection of the plaintiff from an interurban electric car of defendant at the southern limits of the City of Nashville.   The controversy turned upon the validity of a small token as payment of fare of plaintiff as a passenger while riding into the city from his home near Brentwood.   Plaintiff had duly offered a coupon ticket purchased from defendant entitling him to ride to the limits of the city, and it was accepted.   From the city limits, on coming into the city, it was necessary for the passenger to pay a fare of seven cents.   The token offered by him bore the mark of the Street Railway Company in either Louisville, Kentucky, or Evansville, Indiana. It was refused by the conductor.   Plaintiff declined to offer money or other token in payment of the fare.   He had on his person ample money with which to pay the fare.   The conductor requested him to leave the car and upon the refusal of plaintiff to do so the conductor gently and peaceably led him out of the car and placed him upon the street.   The plaintiff insists that he was thereby embarrassed and humiliated.

As there is no evidence that would conceivably support any judgment for punitive damages, we are unable to consider that plaintiff, if wrongfully ejected, would have a right to claim more than compensatory damages.   It was his duty to mitigate the damages by any course of action that could be reasonably required of him.   Railroad Company v. Fleming, 14 Lea, 128.   By paying the sum of seven cents to the conductor, as he might easily have done, he could have avoided any embarrassment, humiliation and inconvenience.   Then he could have sued for the small amount which he had to pay.   The rule is that whenever there is reasonable ground to dispute a passenger's right to ride on the ticket he holds, it is his duty to pay the additional fare demanded, if able to do so, and sue for the amount; that the damages cannot be increased by an obstinate resistance to the conductor's command and by forcing him to resort to compulsion.   Sutherland on Damages, 4 Ed., sec. 949; St. Louis, etc., Railroad Co. v. Reagan, 79 Ark., 484; 7 L. R. A. N. S., 997; Hall v. Railroad Co., 15 Fed. Rep., 87; Gibson v. East Tenn., etc., Railroad Co., 30 Fed. Rep., 904; Western Maryland Railroad Co. v. Stockdale, 83 Md., 245; L. & N. Railroad Co. v. Spinks, 104 Ga., 692, 30 S. E., 968.

A similar case in principle is Southern Railroad Co. v. Christian, 2 Tenn. C. C. A., 231, in which it was held that it is the duty of the passenger of whom additional fare is demanded under an honest mistake made by the conductor to rectify the mistake and to show the conductor the right to ride without the additional fare when it is within his power and with reasonable effort to do so; that he cannot accede to the command of the conductor that he pay additional fare or leave the train and afterwards sue the carrier for wrongful expulsion when he could reasonably have convinced the conductor of his right to, continue his journey. As aforesaid, this would not in any view be a case for exemplary damages, the act of ejection not appearing to have been done with any malicious intent on the part of the company; or its employees to defraud or oppress the plaintiff. L. & N. Railroad Co. v. Guinan, 11 Lea, 98. So even if the plaintiff were entitled to recover anything his recovery would be limited to the amount of the fare which he should have paid.

It is undisputed that had the plaintiff offered a token bearing the name of Nashville Railway & Light Company, it would have been accepted by the conductor, as by arrangement between defendant and said company such tokens are accepted on defendant's cars in payment of fares within the said limits. The plaintiff, an employee of the Tennessee Chemical Company, was furnished by his employer with tokens with which to pay fares upon street railway cars, including the fares on defendant's cars within the city limits. Payment of a proper fare to defendant for transportation within the city entitled a passenger to privilege of transfer to cars of the Nashville Railway & Light Company, and by this means the plaintiff was accustomed to travel to his place of business in West Nashville. He obtained this Louisville or Evansville token from his employer, but there is no direct evidence that his employer obtained it from the Nashville Railway & Light Company or from defendant company. The Nashville Interurban Railway Company accounts to the Nashville Railway & Light Company for every fare paid to defendant for riding within the city limits, either in money or a token. The Assistant Claim Agent of the Nashville Railway & Light Company testified that many tokens issued by street railroad companies in other cities are in some way brought to Nashville and become mingled with tokens of the Nashville Railway & Light Company; that said company abandoned the effect to collect and return them to the issuing companies and that said tokens go the same as Nashville Railway & Light Company tokens. But there is no proof of any agreement on the part of defendant company to accept such foreign tokens or any understanding on its part that they would be accepted by the Nashville Railway &

Light Company upon any accounting between the two companies. There is no direct proof as to the source from which the Tennessee Chemical Company obtained the token in question. In other words, the evidence fails to show that the defendant was under any contractual obligation with the plaintiff or any one else to accept a foreign token in payment of such fares; nor is there any proof of any custom on its part to do so. We are, therefore, of the opinion that the plaintiff did not have the right to insist upon paying his fare with the token in question, and that taking the strongest view of the evidence against the party which moved for peremptory instructions, it was not erroneous for the Circuit Judge to grant the motion.

The judgment of the circuit court is affirmed. The costs of the appeal will be adjudged against the next friend to the plaintiff.

Faw, P. J., and Crownover, J., concur.