22865. MANLEY *v.* EXPOSITION COTTON MILLS *et al.*

DECIDED SEPTEMBER 9, 1933.

*F. Joe Turner Jr., H. R. Lee,* for plaintiff.
*Brandon, Hynds & Tindall, Morris Brandon Jr.,* for defendants.

JENKINS, P. J. 1. "The mere breach of an ordinary contract does not constitute a tort; and if there is no liability except that

arising out of a breach of a purely contractual duty, the action must be in contract, and an action in tort can not be maintained." There are certain classes of contracts that create a relation from which the law implies duties a breach of which will constitute a tort, and "in such cases an injured party may sue either for breach of the contract, or in tort" for breach of the implied duty. This rule applies in certain contractual relations between principal and agent, bailor and bailee, attorney and client, physician and patient, carrier and passenger or shipper, master and servant, and similar well-recognized relations; but it is not every ·contractual relation which involves a public duty the breach of which will support an action in tort. Thus, while the relation of master and servant gives rise to certain duties imposed by law independently of the express terms of the contract, yet for a liability imposed only by the contract of employment, and involving no breach of a legal duty, the remedy is solely an action ex contractu. "An action by a servant for a wrongful discharge from his employment is in contract, and an action in tort will not lie unless the discharge was accompanied by wrongful acts amounting to a trespass." 1 C. J. 1016-1017, 1029. If the servant has performed any of the services contemplated, he may either maintain an action to obtain damages for the loss sustained by the breach of the contract, or he may sue on a quantum meruit to recover the value of the services so performed. *Beck* v. *Thompson & Taylor Spice Co.,* 108 *Ga.* 142 (33 S. E. 894) ; Civil Code (1910), § 3588. See *Ga., F. & A. Ry. Co.* v. *Parsons,* 12 *Ga. App.* 180, 182-184 (76 S. E. 1063), and cit.; and, as to the nature of the damages recoverable, *L. & N. R. Co.* v. *Spinks,* 104 *Ga.* 692, 695-697 (30 S. E. 968) ; *City Ry. Co.* v. *Brauss,* 70 *Ga.* 368, 376, 378; *Putney* v. *Swift,* 54 *Ga.* 266, 267; *Ansley* v. *Jordan,* 61 *Ga.* 482, 486; *Payne* v. *Watters,* 9 *Ga. App.* 265 (2) (70 S. E. 1114), and cit.; *Cason* v. *Tye,* 9 *Ga. App.* 325 (71 S. E. 593) ; *Stokes* v. *Wright,* 20 *Ga. App.* 325 (93 S. E. 27).

2. The instant petition as amended to the time of the finally offered amendment, brought by an employee against his employer, for damages because of his alleged wrongful discharge and the failure to employ his wife and daughter in the defendant's cotton mills, while pleading matters appropriate to an action on a contract, failed to set forth the proper elements of consideration, time of employment, and vital matters necessary to constitute a valid

contract. See *Mason* v. *Terrell*, 3 *Ga. App.* 348 (60 S. E. 4). The plaintiff charged misrepresentations, wilful and wanton conduct, and sought "actual and punitive damages he sustained from the wilful and wanton conduct herein complained of." There are other allegations as to acts and omissions of the defendant, appropriate to an action in tort, growing out of and following alleged conversations by the plaintiff with an agent of the defendant in regard to the employment of the plaintiff and members of his family. The defendant demurred generally and specially to the original petition and successive amendments. The court entered an order dismissing the petition (so far as indicated by the bill of exceptions) upon the general demurrer, but did not pass upon the special grounds of demurrer; "whereupon," as the bill of exceptions recites, "the plaintiff then and there offered an amendment," which is set forth in the record, and error is assigned upon the dismissal of the petition on the general demurrer and upon the disallowance of this amendment. The amendment sought to supply elements of an alleged contract, as to which the original petition and prior amendments were defective, and also sought to substitute, for the $10,000 originally claimed, special damages for breach of contract, by way of detailed items for wages due to the plaintiff, his wife, and daughter, during the period of the employment claimed, in a total amount of $1567. The amendment did not, however, strike the original allegations and claims as to wilfulness and wantonness, or the averment that the plaintiff was also entitled to punitive damages from the wilful and wanton acts and omissions of the defendant.

(a) Properly construed, the original petition, as amended to the time of the final, rejected amendment, sounded in tort rather than in contract, and, under the rules previously stated, was insufficient to withstand the general demurrer. See also *Atlanta & West Point R. Co.* v. *West,* 121 *Ga.* 641 (3) (49 S. E. 711, 67 L. R. A. 701, 104 Am. St. R. 179).

(b) The petition having been properly dismissed upon general demurrer, there was no error in thereafter disallowing the plaintiff's proffered amendment. *Ripley* v. *Eady,* 106 *Ga.* 422, 424 (32 S. E. 343); *Wells* v. *Butler's Builder's Supply Co.,* 128 *Ga.* 37, 39, 40 (57 S. E. 55); *Johnson* v. *Seaboard Air-Line Ry.,* 14 *Ga. App.* 223, 224 (80 S. E. 549), and cit.

(c) Moreover, even if the offer of the amendment had been

timely, it sought to add a cause of action upon a contract to one already based upon a tort, and to change the nature of the action from one ex delicto to one ex contractu; and for that reason the amendment was not proper. See *Abbott* v. *Free*, 36 *Ga. App.* 191 (136 S. E. 108) ; *Tench* v. *Downey Hospital*, 36 *Ga. App.* 20 (135 S. E. 106) ; Civil Code, § 5683.

> *Judgment affirmed.* *Stephens and Sutton, JJ., concur.*