### 32175. MITCHELL *v.* SOUTHERN DAIRIES INC.

FELTON, J. Where a person is employed by a corporation for wages and, after the employee has earned wages under the contract of employment, the employer refuses to pay the employee the wages earned without legal process and in wanton disregard of the employee's rights and against his will, the only recourse available to the employee is an action for a breach of the contract of employment, as the only duty placed upon the employer arises solely by reason of the contract. Code, § 105-101. See *Manley* v. *Exposition Cotton Mills*, 47 *Ga. App.* 496 (170 S. E. 711); *Milledgeville Water Co.* v. *Fowler*, 129 *Ga.* 111 (58 S. E. 643); *Briarcliff Inc.* v. *Kelley*, 198 *Ga.* 390 (31 S. E. 2d, 586); *Louisville & Nashville R. Co.* v. *Spinks*, 104 *Ga.* 692 (30 S. E. 968); *Georgia Kaolin Co.* v. *Walker*, 54 *Ga. App.* 742 (189 S. E. 88); *City & Suburban Ry.* v. *Brauss*, 70 *Ga.* 368; *Fain* v. *Wilkerson*, 22 *Ga. App.* 193 (2) (95 S. E. 752); *American Oil Co.* v. *Roper*, 64 *Ga. App.* 743 (14 S. E. 2d, 145); *Howard* v. *Central of Ga. Ry. Co.*, 9 *Ga. App.* 617, 619 (71 S. E. 1017). Code §§ 66-102 and 66-9901, making it a criminal offense for an employer to fail to make the payments therein specified a penal offense, is solely and exclusively a penal statute and does not create a private or public duty outside of the contract. The mere refusal to pay wages by the employer does not deprive the employee of his property or the right to earn a livelihood without due process of law.

Since this action sounded solely in tort for the amount of wages withheld and punitive damages in the amount of $5000, the court did not err in sustaining the general demurrer to the petition and dismissing the action.

*Judgment affirmed. Sutton, C. J., and Parker, J., concur.*

DECIDED OCTOBER 14, 1948.

*H. A. Irwin, James H. Dodgen,* for plaintiff.
*George A. Haas, Haas & Hurt,* for defendant.