36458. TAPLEY *v.* YOUMANS.

Decided February 19, 1957.

*Homer S. Durden, Jr.,* for plaintiff in error.

*Price, Spivey & Carlton,* contra.

FELTON, C. J. ■ Construing the demurrer which was sustained and on which the action was dismissed as complaining of a misjoinder of causes of action, the petition was not susceptible to such an attack. The petition did not attempt to combine in one action an action for breach of contract and one in tort. The petition alleges two torts: one, the violation of the duties arising under a cropper agreement and the other, the malicious abuse of process. "1. Where by contract the relation of landlord and cropper exists for a certain year, and, after the cropper has performed the greater portion of the work, the landlord, without cause, refuses to allow him to go forward and complete the labor essential to the cultivation and harvesting of the crops, and compels him to leave the premises, the cropper may maintain an action of tort against the landlord, and may recover such damages as flowed to him through the landlord's wrongful act; and it is proper, in a suit brought for such a wrong, that the plaintiff should set up the value of the crops that were raised upon the premises, and what his portion of the same would have been worth, as tending to illustrate the extent of the damage which he had suffered as a result of the landlord's wrong. 2. An action of tort may be maintained for the violation of a specific duty flowing from relations between the parties, created by contract. See *Lea v. Harris,* 88 *Ga.* 236 (14 S. E. 566), as explained and construed in *L. & N. R. Co.* v. *Spinks,* 104 *Ga.* 692 (30 S. E. 968), and *State Mutual Life Asso.* v. *Baldwin,* 116 *Ga.* 855, 860 (43 S. E. 262). A contract of landlord and cropper, when performance of it has been entered upon, creates a status between the parties, from which reciprocal rights and duties spring; and a tort, as well as a breach of contract, may arise from the violation of one of these duties." *Payne* v. *Watters,* 9 *Ga. App.* 265 (70 S. E. 1114).

"1. 'There is a malicious abuse of legal process where a party employs civil process wrongfully and unlawfully and for a purpose not intended by law, and for such abuse of civil process an action will lie.' *King* v. *Yarbray,* 136 *Ga.* 212 (71 S. E. 131);

*Atlanta Ice & Coal Co.* v. *Reeves,* 136 *Ga.* 294, 296 (71 S. E. 421, 36 L. R. A. (NS) 1112). 2. In an action for malicious abuse of legal process it is not incumbent upon the plaintiff to allege that the action in which the process was issued has terminated in his favor. *King* v. *Yarbray,* supra. 3. A proceeding to evict one in possession of lands can not be maintained unless the relation of landlord and tenant exists between the parties. *Edwards* v. *Blackshear,* 24 *Ga. App.* 622 (101 S. E. 585), and cit. 4. Where the relation of landlord and cropper exists, the cropper can not be dispossessed under a summary warrant. *Robson* v. *Cofield,* 113 *Ga.* 1153 (39 S. E. 472)." *Collier* v. *Buice,* 36 *Ga. App.* 198 (136 S. E. 287).

The defendant in error contends that the relationship of landlord and cropper did not exist between the plaintiff and the defendant at the time of the dispossession in that the amended petition showed that the cropper had breached the cropper agreement. Nowhere does the amended petition show that the plaintiff had breached his agreement with his landlord nor does it appear that the relationship of landlord and cropper had otherwise ceased to exist.

■ Special demurrer No. 5 attacks paragraph 14 of the amended petition because it does not allege what damages the plaintiff claims by reason of the hogs getting into the peanuts. The demurrer is without merit. The plaintiff alleges what the peanut yield would have been and what prices they would have brought had not the hogs gotten into the peanuts and further alleges what the defendant's statement shows as to what was actually harvested and its value. The difference between the two figures would be the damages caused by the hogs and is susceptible to proof.

■ Special demurrer No. 8 is without merit. The defendant contends that she would not be liable for any damages sustained by the plaintiff by reason of his furniture being damaged by the officers in the process of the dispossession. In dispossessing under an illegal warrant, the officers were nothing more than mere agents of the defendant and the defendant would be liable for any damage proximately flowing from the original wrong of prosecuting the dispossessory warrant.

■ Special demurrer No. 9 is without merit. The plaintiff alleged that after he was dispossessed he had no way of keeping his fowl. This allegation is an allegation of fact and excludes the possibility that the plaintiff had some means of keeping his fowl. A plaintiff is not required to plead his evidence.

■ Special demurrer No. 10 is meritorious. In paragraph 19 of his amended petition, the plaintiff seeks to set out damages in the sum of $2,500 as damage to his credit and reputation and by reason of being brought into public scandal, infamy and disgrace. Where there has been no arrest of the person, seizure of property, or other special injury, such damages are not recoverable in an action for malicious abuse of civil process. *Counihan* v. *Ferrell*, 89 *Ga. App.* 795, 796 (81 S. E. 2d 214) and cases cited.

■ Special demurrer No. 11 is without merit. Punitive damages are recoverable in an action for the malicious abuse of civil process. *Woodley* v. *Coker*, 119 *Ga.* 226 (4) (46 S. E. 89).

■ Special demurrer No. 13 is without merit. "(a) Similar acts are admissible in evidence, if committed or proposed at or about the same time, and when the same motive may reasonably be supposed to exist, with a view to establish the intent of the defendant in respect to the matters charged against him in the petition. 10 R. C. L. 938, § 105; Jordan *v.* Osgood, 109 Mass. 457 (12 Am. R. 731); Eastman *v.* Premo, 49 Vt. 355 (24 Am. R. 142). This is so in transactions of similar nature or like character in which the defendant had engaged previously to the one in question. Hobbs *v.* Boatright, 195 Mo. 693 (93 S.W. 934, 113 Am. St. R. 709, 5 L. R. A. (NS) 906). (b) Intent, good faith, motive, and other such matters relating to the state of a person's mind are usually not easily susceptible of direct proof. But frequently the state of mind accompanying the doing of an act is illustrated by other acts of a similar nature, done or proposed by the defendant in such a way as to indicate a general practice or course of conduct, or as to display motive, knowledge, intent, good faith, bad faith, and a variety of other such things. *Lee* v. *State*, 8 *Ga. App.* 413, 417 (69 S. E. 310); *McDuffie* v. *State*, 17 *Ga. App.* 342 (86 S. E. 821). Other transactions showing fraud are admissible to show intent. *Farmer* v. *State*, 110 *Ga.* 41, 43 (28 S. E. 26); *Wyatt* v. *State*, 16 *Ga. App.* 817 (81 S. E. 802)."

*Deckner-Willingham Lumber Co.* v. *Turner,* 171 *Ga.* 240, 244 (155 S. E. 1). See also *Eberhardt* v. *Bennett,* 163 *Ga.* 796 (3) (137 S. E. 64).

■ Special demurrer No. 2 to the plaintiff's amendment is without merit. The landlord's pledging of the cotton, if done for the purpose of defeating the plaintiff's right, claim and interest in the cotton, constituted a violation of the cropper agreement.

■ Special demurrers Nos. 3, 4 and 12 to the plaintiff's amendment are without merit. Special demurrer No. 5 to the plaintiff's amendment is merely a reiteration of special demurrer No. 8 to the original petition and is without merit for the reasons given in Division 3. Special demurrers Nos. 6 and 7 attack the paragraphs of the petition reciting the dispossession on the ground that said paragraphs do not state a cause of action for a malicious abuse of civil process. These demurrers are without merit for the reasons stated in Division 1 of the opinion.

The court erred in sustaining all the demurrers except special demurrer No. 10 and erred in dismissing the action.

The court did not err in sustaining special demurrer No. 10.

*Judgment affirmed in part and reversed in part. Quillian and Nichols, JJ., concur.*