37721.   RHINE *et al. v.* SANDERS.

DECIDED JULY 14, 1959—REHEARING DENIED JULY 27, 1959.

69

*Thomas T. Purdom, James C. Grizzard,* for plaintiffs in error.
*Johnson, Hatcher, Meyerson & Irvin,* contra.

CARLISLE, Judge.  In the view which we take of this case, it is unnecessary to decide whether or not the procedure followed by the trial court in permitting the amendment substituting as a party defendant the Florida Steel Corporation for Tri-State Culvert & Manufacturing Company was sufficient to circumvent the inhibition of Code § 81-1303, or whether or not the special demurrers to the portions of the answers of the defendants were properly sustained.  As we view the case, the trial court erred in overruling the general demurrers of the defendants to the petition as finally drafted, and the decision of this issue makes it unnecessary to decide any other question presented.  In substance, the plaintiff's amended petition alleged the following facts: That the

plaintiff brings this action in tort jointly and severally against the named defendants, who, as to the individuals are residents of DeKalb County, and as to the defendant Florida Steel Corporation has an office and plant with agents on whom service might be effected in DeKalb County; that the plaintiff is a licensed civil engineer in the State of Georgia with more than 25 years of experience in sales engineering and applications of the defendant's products; that from October, 1947 to January, 1957, the plaintiff was employed by the defendant corporation as an engineer commission salesman selling the defendant's products; that he was so employed by the defendant under an oral contract under which he was to receive no salary or drawing account and was to pay all his traveling and sales expenses and under which he was given exclusive sales rights in certain designated territories of the State of Georgia; that he was to receive under the contract a certain commission on the gross sales of specified items manufactured and sold by the defendant; that from time to time under the said contract his territory and the scope of his exclusive franchise was broadened in certain respects; that under the contract the plaintiff was entitled to receive from the defendant corporation copies of all purchase orders or other records which would apprize him of any repeat or walk-in or telephone orders received from his customers, regardless of whether he personally sold the customers or not; that during the beginning years of his employment with the defendant he was scarcely able to meet his actual expenses from commissions, but in the latter years of his employment he had increased his sales to the point where his gross commissions were in excess of $18,000 a year and his sales constituted approximately one-third of the defendant corporation's gross annual sales; that, "beginning on or about the first day of January, 1955, the defendant, Rex E. Rhine, individually on his own behalf, and within the scope and pursuit of his employment as vice-president, comptroller and Atlanta managing agent of the defendant corporation; William A. Byrd, individually on his own behalf and within the scope and pursuit of his employment as Georgia state sales manager of the defendant corporation; Thomas J. Costello, individually on his own behalf and within the scope and pursuit of his employment as Atlanta

office manager and bookkeeper of the defendant corporation; and the defendant corporation itself, acting by and through its said officers and agents as herein set forth, each of whom, although knowing of plaintiff's right to said commissions, knowingly conspired together for the purpose of wrongfully, maliciously and fraudulently depriving plaintiff of the commissions due him by the corporation by diverting without the plaintiff's knowledge or consent, in the manner hereafter set forth, the sales commissions from plaintiff's sales and crediting them to the corporation as 'house sales' and did thereby maliciously interfere with plaintiff's property rights and did thereby maliciously procure the said breaches of said contract with the defendant, said actions being a tort against the plaintiff in violation of plaintiff's rights under § 105-1401 and 105-1207 of the Georgia Code Ann. and under the common law of Georgia"; that, "Each of the defendants knew at all times mentioned in said petition of the . . . terms of the plaintiff's employment contract with the defendant corporation"; that under the terms of the contract the plaintiff was entitled to receive a commission, upon receipt of payment by the defendant corporation, on all repeat, walk-in and telephone orders; that since the defendants deliberately concealed from the plaintiff the names of customers from whom such repeat, telephone and walk-in sales had been received, the plaintiff was unable to set forth the names of such customers or the exact amount of sales to them, and that this is a matter exclusively within the knowledge of the defendants; that knowledge that "The defendants concealed from the plaintiff 'repeat', 'walk-in' and 'telephone' orders from plaintiff's customers and deliberately withheld from plaintiff copies of the purchase orders or of any other record or notice of such sales to which plaintiff was entitled, as each defendant knew, the plaintiff was thereby deprived of any means of discovering these commissions which were due him from the sales to these customers. Each of the defendants knew, and the defendant corporation knew, through the said defendants who were its officers and agents, and each defendant participated in carrying out this plan of wrongfully depriving plaintiff of commissions due him; and each of the defendants knowingly accepted on behalf of the defendant corporation the

continuing sales efforts by the plaintiff, knowing that the plaintiff believed and had confidence in each of them, and in the corporation, that they would give him credit for all sales due him, which included, as each of them knew, 'repeat', 'walk-in' and 'telephone' orders, but, notwithstanding this, each of the defendants participated in receiving orders, recording the same and crediting and retaining the proceeds of the same for the defendant corporation and knowingly defrauded the plaintiff of these commissions. . .

"As the result of said tortious conspiracy plaintiff has suffered general damages by the diversion of said commissions in a sum of not less than $20,000.

"Because of the aggravated deceitful and wilful nature of this conspiracy, as hereinbefore alleged, plaintiff hereinafter prays for aggravated punitive damages to deter the wrongdoers in the sum of $25,000."

While it is well settled that "when a transaction partakes of the nature both of a tort and a contract, the party complainant may waive the one and rely solely upon the other" (Code § 105-105), yet it is not in every case that an injured party has this election. " 'The mere breach of an ordinary contract does not constitute a tort; and if there is no liability except that arising out of a breach of a purely contractual duty, the action must be in contract, and an action in tort can not be maintained.' There are certain classes of contracts that create a relation from which the law implies duties a breach of which will constitute a tort, and 'in such cases an injured party may sue either for breach of the contract, or in tort' for breach of the implied duty. This rule applies in certain contractual relations between principal and agent, bailor and bailee, attorney and client, physician and patient, carrier and passenger or shipper, master and servant, and similar well-recognized relations; but it is not every contractual relation which involves a public duty the breach of which will support an action in tort. Thus, while the relation of master and servant gives rise to certain duties imposed by law independently of the express terms of the contract, yet for a liability imposed only by the contract of employment, and involving no breach of a legal duty, the remedy is solely an action

ex contractu. 'An action by a servant for a wrongful discharge from his employment is in contract, and an action in tort will not lie unless the discharge was accompanied by wrongful acts amounting to a trespass.' 1 C. J. 1016-1017, 1029. If the servant has performed any of the services contemplated, he may either maintain an action to obtain damages for the loss sustained by the breach of the contract, or he may sue on a quantum meruit to recover the value of the services so performed. *Beck v. Thompson & Taylor Spice Co.*, 108 *Ga.* 142 (33 S. E. 894); Civil Code (1910), § 3588. See *Ga. F. & A. Ry. Co.* v. *Parsons*, 12 *Ga. App.* 180, 182-184 (76 S. E. 1063), and cit.; and, as to the nature of the damages recoverable, *L. & N. R. Co.* v. *Spinks*, 104 *Ga.* 692, 695-697 (30 S. E. 968); *City Ry. Co.* v. *Brauss*, 70 *Ga.* 368, 376, 378; *Putney* v. *Swift*, 54 *Ga.* 266, 267; *Ansley* v. *Jordan*, 61 *Ga.* 482, 486; *Payne* v. *Watters*, 9 *Ga. App.* 265 (2) (70 S. E. 1114), and cit.; *Cason* v. *Tye*, 9 *Ga. App.* 325 (71 S. E. 593); *Stokes* v. *Wright*, 20 *Ga. App.* 325 (93 S. E. 27)." *Manley* v. *Exposition Cotton Mills*, 47 *Ga. App.* 496 (170 S. E. 711).

While the plaintiff in the instant case has by way of conclusion alleged that the acts of the individual defendants amounted to a conspiracy to deprive him of the commissions which he had earned, the petition as a whole shows that the only damage which the plaintiff alleges he has suffered is that arising out of the breach of a purely contractual duty, that is, the failure of the defendant corporation, acting by and through the named individual defendants, to pay to the plaintiff the commissions which he alleges were earned by him under the alleged contract of employment. Insofar as the liability of the defendant corporation for the alleged tort is concerned, this case is absolutely controlled by the ruling in *American Oil Co.* v. *Roper*, 64 *Ga. App.* 743 (2) (14 S. E. 2d 145). As in that case, the allegations of the amended petition here show only a liability imposed by the contract and not the violation of a public duty towards the plaintiff. As was said in *Mitchell* v. *Southern Dairies*, 77 *Ga. App.* 771 (49 S. E. 2d 912), "Where a person is employed by a corporation for wages and, after the employee has earned wages under the contract of employment, the employer refuses

to pay the employee the wages earned without legal process and in wanton disregard of the employee's rights and against his will, the only recourse available to the employee is an action for a breach of the contract of employment, as the only duty placed upon the employer arises solely by reason of the contract. Code § 105-101." The plaintiff here expressly elected in his pleadings to proceed in tort. The damages sought to be recovered are solely appropriate to a tort liability since no specific sum is alleged to be due on account of the failure to pay commissions, and since exemplary damages can never be recovered in actions based on a breach of contract (Code § 20-1405), no damages recoverable from the defendant corporation are alleged in the petition.

The individual defendants named here alleged to have been officers and agents of the defendant corporation and acting in their various capacities as such, whatever they did with respect to the plaintiff's contract of employment and with respect to the management of the corporate business, they did as corporate officers and not in any of their individual capacities. *Neuhoff* v. *Swift & Co.*, 54 *Ga. App.* 651, 660 (188 S. E. 831). They had the right while acting as corporate officers and agents to counsel and advise with the defendant corporation as to the management of its affairs in all matters with which the corporation was concerned without the risk of rendering themselves personally liable to third parties for their acts in that regard if they should err. "Any other rule would make it impossible for corporate business to be carried on at all except at the peril that every agent who advised concerning corporate action would be suable under some such allegations as are made in this complaint." *Nathanson v.* Brown & Williamson Tobacco Corp., 68 N. Y. S. 2d 914, 919.

Nothing in the cases of *Employing Printers Club* v. *Doctor Blosser Co.*, 122 *Ga.* 509 (50 S. E. 353), and *Luke* v. *DuPree*, 158 *Ga.* 590 (124 S. E. 13), which are chiefly relied on by the defendant in error, requires a different ruling from that now made. In those cases there was no special relationship between the third party defendants and the other parties to the contracts, but there, insofar as the contract between the parties to the contract was concerned, the third party (the defendant) was an

intermeddler, so to speak, and the petition as drawn showed that the plaintiff had sustained special damages over and above those normally flowing from the mere breach of the contract. Those cases are clearly distinguishable from the case at bar. A similar distinction exists insofar as the cases of *Carr & Co.* v. *Southern Ry. Co.*, 12 *Ga. App.* 830 (79 S. E. 41), *Southern Ry. Co.* v. *Chambers*, 126 *Ga.* 404 (55 S. E. 37, 7 L. R. A. (NS) 926), and *Liberty Lumber Co.* v. *Silas*, 181 *Ga.* 774 (184 S. E. 286), also relied on by the defendant in error, are concerned.

It follows that the petition in this case failed to set forth a cause of action in tort against any of the defendants named therein and that the trial court erred in overruling the general demurrers to the petition as finally amended. This conclusion makes it unnecessary that the other questions raised by the bill of exceptions be passed on.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*