CASSIDY, administrator, *vs.* CLARK.

Where a man and woman lived together in the same house, and the title thereto was in the woman, and she died, leaving him in possession, and the administrator of her estate sued out a warrant to dispossess the man, under section 4077 *et seq.* of the Code, as tenant by sufferance, and the man claimed title to the property as the heir of the woman, she being, as he set up and alleged, his wife, lawfully married to him in the year 1866, and living with him as his wife up to her death in 1876 :

*Held*, that the remedy to try the question of title thus made is by ejectment, and not by the summary proceeding under sections 4077-8, etc., of the Code.

Husband and wife. Actions. Before Judge TOMPKINS. Chatham Superior Court. October Term, 1878.

Cassidy, administrator of Mary E. Shaffer, proceeded by possessory warrant to evict Clark, as a tenant by sufferance, from a certain described lot. Defendant filed a counter-affidavit.

The facts sufficiently appear from the head-note.

On the trial the jury found for the plaintiff. Defendant moved for a new trial. The court granted it on the ground that possessory warrant was not the proper remedy, under the facts. Plaintiff excepted.

A. P. & S. B. ADAMS, for plaintiff in error.

R. R. RICHARDS, for defendant.

JACKSON, Justice.

The superior court held that the question involved in this case is one of title, and that the remedy is ejectment, and not warrant to dispossess the defendant under section 4077 of the Code and the following sections. The defendant was in possession with his wife, as he claimed, when she died. If she was his lawful wife, he was entitled to hold as her heir. He contended that they were lawfully married in 1866, and lived together in this house until her death in 1876. Her administrator claimed that they were not lawfully man and wife, and that was the issue. We think, therefore, that the proper mode to settle such a question of title, both parties claiming under the woman, and the question being was the man the woman's husband at her death, is by action of ejectment; and we affirm the judgment.

Judgment affirmed.