## WATSON *v.* TOLIVER *et al.*, trustees.

The relation of landlord and tenant is indispensable to the maintenance of the proceeding authorized by section 4813 of the Civil Code, for the summary eviction of a person as a tenant holding over; and therefore, where in the trial of such a proceeding it appeared that the relation of landlord and tenant did not exist between the plaintiff and the defendant, but that the latter entered upon the premises, not in subordination to, but under a claim of title adverse to the former, a nonsuit should have been awarded.

Argued October 22, — Decided November 27, 1897.

Warrant to dispossess. Before Judge Spence. Dougherty superior court. October term, 1896.

*R. Hobbs* and *Jones & Bacon*, for plaintiff in error.

*D. H. Pope*, contra.

COBB, J.　On April 21, 1895, a warrant to dispossess Joe Watson "as a tenant at will or sufferance" was sued out by Toliver as chairman of the board of trustees of Mt. Zion Colored Baptist Church.　A counter-affidavit was filed by Watson, to the effect that the premises of which it was sought to dispossess him were not held by him as a tenant at will or by sufferance, or otherwise, from plaintiffs, or from any one under whom they claimed, or from any one claiming under them.　Upon the trial it appeared from the plaintiffs' testimony that the defendant had entered into possession of the property in dispute under an alleged gift from his father, who held the premises under an alleged contract with the church.　A motion for a nonsuit was made and overruled, and at the conclusion of the entire testimony the judge directed a verdict in favor of the plaintiffs for the premises in dispute.　The defendant made a motion for a new trial, alleging error upon the refusal to grant the nonsuit, and upon other rulings made at the trial.　This motion being overruled, he excepted.

The plaintiffs were attempting in this case to oust the defendant from possession of the premises, under the provisions of section 4813 of the Civil Code.　The proceeding authorized in that section, by its very terms, requires that the relation of landlord and tenant should exist in order to enable a party to avail himself of the remedy there provided.　As it is clearly established in this case by the plaintiffs' own testimony that the defendant is in possession of the premises in dispute under a claim of title adverse to the plaintiffs, and that neither he, nor his father under whom he claims, has ever been in possession as a tenant of any character whatever under the plaintiffs, the case was not made out and the court erred in not granting a nonsuit.　*Brown* v. *Persons*, 48 *Ga.* 60.　The controversy between the plaintiffs and the defendant in this case involved the question of title to the premises in dispute; and therefore the remedy of the plaintiffs to assert their alleged right is either by ejectment or other suit in which the question of title can

be settled.  The remedy given under the section above cited is not available where the parties are at issue in reference to the title.  *Cassidy* v. *Clark*, 62 *Ga.* 412.

*Judgment reversed.  All the Justices concurring.*