## HENRY *v.* PERRY.

1. One who obtains from the owner of land an option to purchase the same at a specified price within a time limited, and who with the owner's permission enters upon the land for the purpose of prospecting for minerals during the continuance of the option, does not become after its expiration a tenant of the owner, and if he remains in possession without right is a mere trespasser.

2. In such a case neither the owner nor his successor in title can by dispossessory warrant eject as a tenant at sufferance either the purchaser of the option or one holding under him. Without regard to other questions, this case is, upon its facts taken most favorably for the plaintiff, controlled by the law above announced. In any view of the pleadings and evidence a verdict for the defendant was demanded, and the court ought to have granted his motion for a new trial.

Argued March 17,—Decided April 11, 1900.

Dispossessory warrant. Before Judge Harris. City court of Floyd county. August 16, 1899.

*Dean & Dean,* for plaintiff in error.
*Fouche & Fouche,* contra.

Cobb, J. This was a proceeding instituted for the purpose of evicting in a summary way the defendant as a tenant at suf-

ferance of the plaintiff. It is indispensable to the maintenance of such a proceeding that the relation of landlord and tenant should exist between the plaintiff and the defendant. Civil Code, § 4813; *Watson* v. *Toliver*, 103 *Ga.* 123; *Story* v. *Epps*, 105 *Ga.* 504. The evidence in the present case did not show that the relation of landlord and tenant had ever existed between the plaintiff and the defendant. On the contrary, it appeared that the defendant had entered into possession under one who had obtained from the owner an option to purchase the land, and who with his permission entered upon the land for the purpose of prospecting for minerals during the continuance of the option. Although the time limited in the option had expired when the proceeding to evict the defendant was instituted, this did not cause the relation of landlord and tenant to arise between the person who had been put in possession by the holder of the option, and one who was the successor in title of the owner who had given the option. The verdict in favor of the plaintiff was unwarranted, and the judge erred in not granting a new trial. *Judgment reversed. All the Justices concurring.*