PETER BELLINGER, Plaintiff, *v.* MARY W. TAYLOR, WILLIAM R. WATERBURY and LOUISA WATERBURY, His Wife, NORMA ROSE WATERBURY, HOWARD ERNEST WATERBURY and ESTHER WATERBURY, His Wife, EDWARD HOVEY, and CHARLES G. SLADE and WILLIAM R. WATERBURY, as Executors, etc., Defendants.

(Supreme Court, Saratoga Special Term, January, 1911.)

Partition — Procedure for partition — Parties: Personal representatives or trustees, etc.: Creditors, lienors, etc.
Surrogates' Courts — Procedure and review — Orders and decrees — Operative as bar or as conclusive evidence — Settlement of accounts — Subjects and matters concluded — Construction of will.

Where, upon the judicial settlement of the accounts of executors, a construction of the will becomes necessary, and the will is construed to effect an equitable conversion of real property at the expiration of the estate of a life tenant, such construction is conclusive upon the parties in a subsequent action for the partition of such real property.

Legatees are not proper parties to an action for the partition of the testator's real property, though their legacies are to be paid out of the proceeds thereof upon a sale by the executors under a power contained in the will.

Executors having a general power in trust to sell lands, but no possession thereof actual or constructive, are not tenants in common with one having an interest in the fee, or proper parties to an action for partition.

Action for partition.

Irving W. Wiswall, for plaintiff.

Butler & Kilmer, for defendant legatees.

Slade, Harrington & Goldsmith, for defendant executors.

Van Kirk, J. This is an action brought for a partition of certain farm premises situated in the county of Saratoga, State of New York. The amended complaint is in the usual form in partition. The defendant legatees and the defendant executors have answered separately. Each demands a dismissal of the complaint with costs. Defendant Hovey has not answered.

The case comes before the court upon stipulated facts, among which are the following: That, from September, 1860, to the time of the death of Caroline Bellinger, in 1895, the plaintiff, Peter Bellinger, and Caroline Bellinger were each seized in fee simple of an undivided one-half of the premises described in the complaint; that Caroline Bellinger died in 1895, leaving a last will and testament which has been duly admitted to probate in Saratoga county, and letters testamentary were issued to William R. Waterbury and Charles G. Slade, who qualified and are still acting as such executors; that, on the 12th day of January, 1898, a decree was duly made by the surrogate of Saratoga county in the settlement of the accounts of the executors, which was duly entered, February 18, 1898; that the defendants Mary W. Taylor, William R. Waterbury, Norma Rose Waterbury and Howard Ernest Waterbury are the residuary legatees named in said will; that the defendant Louisa Waterbury is the wife of William R. Waterbury, the defendant Esther Waterbury is the wife of Howard Ernest Waterbury, and Edward Hovey is a tenant working said farm; that the parties own

no other real estate as tenants in common, and are all of full age; that there are no general or specific liens upon the premises; that more than three years have elapsed since letters were issued. Upon the death of Caroline Bellinger, plaintiff entered into possession of the premises and has remained in possession since. In the decree are the following provisions, among others: The will of said deceased is construed to make an equitable conversion of the real property of which said Caroline Bellinger died seized, and that said William R. Waterbury and Charles G. Slade, as such executors of the last will and testament of Caroline Bellinger, deceased, have the power and authority to sell and convey the real property of which said Caroline Bellinger died seized; that "Peter Bellinger, the husband of said testatrix, is entitled to the use, rents and profits of all the net real and personal property of which said Caroline Bellinger died seized and possessed during his natural life; that, in case said executors, during the life of said Peter Bellinger, shall be compelled to advance insurance premiums and taxes for the purpose of preserving said property of said deceased, the amount so advanced, with interest from the time of said advancement, shall be deducted from the gross amount realized from said real property before division thereof." And, in the summary statement of the account, the one-half interest in the farm in the town of Milton is charged to the executors as if already converted into money, the value being fixed at $3,000. There can be no actual partition of the premises.

The plaintiff and the defendants, except Hovey, were parties to the judicial settlement of the accounts in which the will was construed. There has been no appeal from the decree of the surrogate. It is not questioned here and remains as a binding determination between the parties. Under the will there was an equitable conversion of the real estate and a power of sale to give deeds and conveyances was given to the executors. The power of sale, however, was not to be exercised until the death of the life tenant, the plaintiff. This is made evident by two provisions of the decree above quoted, (1) in which a life estate in the real property is

given to the plaintiff, and (2) in which any disbursements by the executors for insurance or taxes during the life of the plaintiff shall be repaid from the gross amount realized from the sale of the real property.

The defendant legatees move to dismiss the complaint on the ground that they are not necessary or proper parties to the action. The defendant legatees are not devisees of any interest in the real estate; they take no interest therein and they are not necessary or proper parties defendant in the action. Delafield v. Barlow, 107 N. Y. 535; Salisbury v. Slade, 160 id. 278. The complaint, therefore, must be dismissed as against these defendants, with costs against the plaintiff.

The defendant executors ask a dismissal of the complaint on the ground that the plaintiff cannot maintain this action against the defendant executors, said executors not being tenants in common or joint tenants with the plaintiff, with right of actual or constructive possession. In section 1532 of the Code we find the provision setting forth when an action for partition may be brought, and it is necessary that there should be two or more persons who hold and are in possession of real property as joint tenants or as tenants in common, in which either of them has an estate of inheritance for life or for years. Side v. Brennerman, 7 App. Div. 276. " To maintain an action for partition of lands, the plaintiff must at the time of the commencement of the action have an actual or constructive possession in common with the defendants of the lands." Florence v. Hopkins, 46 N. Y. 184. There is no valid trust created in this will. The executors have a general power in trust to sell the land, but have not title in said real estate. Moncrief v. Ross, 50 N. Y. 435, 436; Salisbury v. Slade, 160 id. 290. They have no possession, actual or constructive, of the premises, and are not tenants in common with the plaintiff. For all of the purposes under the will, the one-half of the real estate, of which Caroline Bellinger died seized, is to be treated as personal property. The will has been construed to mean that a sale shall not take place until the death of the plaintiff, he having the life use of the real estate. He has not

complained of this construction of the will made by the surrogate; he owns an undivided half interest in the farm and he owns a life estate in the half interest that belonged to Caroline Bellinger. The executors could not maintain an action to oust him of this life use. Without the consent of the life tenant the half interest of Caroline Bellinger could not be sold free of his life estate. In Salisbury v. Slade, 160 N. Y. 290, the court said: " The naked fee of the land, as it could not remain in suspension, was vested in the trustees and testator's three sons for the purpose of carrying out in fact that conversion which the law already regarded as equitably accomplished. The real estate, as such, could not be dealt with for any other purpose." In that case (in which, it is noticed, was a valid trust) it was held that there was an equitable conversion of the real estate, and the court said: "At the moment of testator's death, in legal contemplation, the land became personalty."

Moncrief v. Ross, 50 N. Y. 431, is a case in which it is stated in the head-note that there was an equitable conversion of the real estate but no trust, the executors having a power of sale; and it was held that the will gave the executors no title to the real estate or right to receive the rents and profits. In the opinion, on page 436, the court said: " But by the seventh clause a sale was directed to be made immediately after the death of the mother. This direction was absolute, and performance of the duty would have been enforced in equity. The execution of the power was not made dependent upon any contingency or the exercise of any discretion by the donee. Hence, by the power, the land was equitably converted into money from the time the sale was directed to be made and will be so regarded thereafter in equity for all purposes. This is upon the principle that equity regards as done what ought to be done."

Defendant Hovey is not a tenant in common with plaintiff. The complaint, therefore, must be dismissed as against the executors, with costs against the plaintiff.

Findings and decision may be prepared accordingly.

Judgment accordingly.