8035. BACON *v.* HOWARD, administrator.

GEORGE, J. 1. The general grounds of a motion for new trial,—that is, (1) the verdict is contrary to the evidence and without evidence to support it, (2) the verdict is decidedly and strongly against the weight of evidence, and (3) the verdict is contrary to law and the principles of justice and equity,—contain no recital of fact that requires a formal verification by the trial judge in order to authorize the Court of Appeals to entertain and consider such grounds. *Harris* v. *State,* 120 *Ga.* 196 (47 S. E. 573).

2. If formal approval of the general grounds of the motion for a new trial were necessary, the order of the trial judge, entered thereon, containing the following clause: "This defendant, Berry Bacon, having made a motion for new trial in said case on the grounds therein stated, said grounds having been approved by the court," etc., would appear to be sufficient to authorize this court to entertain and consider such grounds.

3. An order in the usual form, approving the recitals of fact contained in an amendment to the motion for a new trial, and signed "Walter W. Sheppard, Sup. Cts. Atlantic circuit," is a verification by the trial judge of the recitals of fact in the amendment, especially where the motion for a new trial recites that it is made in a case tried in Evans superior court, and where the rule nisi issued thereon is signed: "Walter W. Sheppard, judge of the superior courts of the Atlantic circuit," and where the signature of the judge to his order overruling the motion for a new trial is followed by the words: "Judge S. Cts. Atlantic J. C. of Ga.," and where the bill of exceptions, duly certified by the judge of the superior courts of the Atlantic circuit, recites that the movant "presented to the said presiding judge for an approval an amendment to his original motion for new trial, setting forth additional grounds thereof, which . . amendment to said motion for new trial was . . approved by said presiding judge and is of file as a part of the record in said case," and where such amendment is certified and sent up in the record.

4. The Court of Appeals will take judicial cognizance of the fact that his honor Walter W. Sheppard was judge of the superior courts of the Atlantic judicial circuit of Georgia at the date of the order approving the recitals of fact contained in the grounds of the amendment to the motion for a new trial. Compare *Jossey* v. *Brown*, 119 *Ga*. 758, 765 (47 S. E. 350); *Perry* v. *State*, 113 *Ga*. 936 (39 S. E. 315).

5. The relation of landlord and tenant is indispensable to the maintenance of the proceeding authorized by section 5385 of the Civil Code of 1910, for the summary eviction of a person as a tenant holding over. Although there was sufficient evidence to warrant the jury in finding that the tenant entered into the possession of the premises during the lifetime of the intestate, under a contract of rental, nevertheless the evidence was undisputed that after the death of the landlord the tenant took possession of the premises under a deed from six of the nine heirs at law of the intestate.

6. Ejectment in some one of its forms, and not the proceeding in code-section 5385, supra, is the appropriate remedy for the administrator to pursue in order to recover the possession from the heir or any person who may have succeeded, either by operation of law or by purchase, to the rights and possession of the heir. *Cassidy* v. *Clark*, 62 *Ga*. 412; Powell on Actions for Land, 537, § 405. Compare *Watson* v. *Toliver*, 103 *Ga*. 123 (29 S. E. 614), and *Williams* v. *Seale*, 103 *Ga*. 801 (30 S. E. 644).

7. "Upon the death of the owner of any estate in realty, which estate survives him, the title vests immediately in his heirs at law." Civil Code of 1910, § 3929. The heirs at law are entitled to the possession of lands

owned by an intestate at the time of his death until it is needed by the administrator for the purpose of administration, that is, for the purpose of paying debts and making legal distribution to the heirs.

8. The evidence disclosed that the defendant in the eviction proceeding was holding possession of the land under his son, who had succeeded to the interest of certain of the heirs at law of the plaintiff's intestate. The deeds executed by the heirs at law were unimpeached, and the administrator was not authorized to recover the possession of the premises in this proceeding. The trial court therefore erred in overruling the motion for a new trial.

<i>Judgment reversed. Wade, C. J., and Luke, J., concur.</i><br>
Decided April 4, 1917.

Eviction; from Evans superior court—Judge Sheppard. March 25, 1916.

*H. B. Strange, J. P. Moore,* for plaintiff in error.

