### 10854.   EDWARDS v. BLACKSHEAR et al.

SMITH, J.  Under the provisions of section 5385 of the Civil Code (1910), in order to maintain a proceeding to evict a person in possession of lands, the relation of landlord and tenant must exist between the parties. *Henry* v. *Perry,* 110 *Ga.* 630 (36 S. E. 87); *Watson* v. *Toliver,* 103 *Ga.* 123 (29 S. E. 614); *Story* v. *Epps,* 105 *Ga.* 504 (31 S. E. 109); *Mackenzie* v. *Minis,* 132 *Ga.* 323 (63 S. E. 900, 23 L. R. A. (N. S.) 1003, 16 Ann. Cas. 723). Where one is in possession of lands under a bond for title and surrenders the bond for title, but remains in possession of the lands, and thereafter the lands are sold to a third person, the relation of landlord and tenant does not exist between the vendee of the original owner and the person in possession, and therefore the summary remedy provided for by the Civil Code, § 5385, does not lie. Under this ruling the court did not err in dismissing the dispossessory warrant.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*
DECIDED DECEMBER 16, 1919.

Eviction; from Laurens superior court—Judge Kent. August 1, 1919.

*R. Earl Camp,* for plaintiff.

*Larsen & Crockett, G. C. Bidgood,* for defendants.