### 14633. SLOAN *v.* SHEFFIELD.

JENKINS, P. J. 1. In order for one to be entitled to the summary remedy of eviction as provided for in sections 5385 and 5386 of the Civil Code (1910), the relation of landlord and tenant must exist between himself and the person holding over. Civil Code (1910), §§ 3691, 3692; *Brown* v. *Persons,* 48 *Ga.* 61; *Watson* v. *Toliver,* 103 *Ga.* 123 (29 S. E. 614); *Edwards* v. *Blackshear,* 24 *Ga. App.* 622 (101 S. E. 585); *Bacon* v. *Howard,* 19 *Ga. App.* 660 (5) (91 S. E. 1066).

2. "Where one party conveys land to another, and it is agreed between them that the vendor shall remain in possession until a fixed time when he shall surrender possession to the vendee, the relation of landlord and tenant exists between the two; and a dispossessory warrant will lie in favor of either the purchaser or his successor in title against the seller, upon refusal by the latter to deliver possession at the time agreed upon." *Prichard* v. *Tabor,* 104 *Ga.* 64 (2) (30 S. E. 415).

3. The same rule should apply in a purchase under a bond for title in a case where the obligee is entitled to actual possession, and the obligor holds over beyond the date fixed by the agreement for the surrender of the premises. In such a case the obligor's occupancy, being under the obligee and not adverse to him, an obligation to pay rent is implied. Whether, in the absence of any sort of agreement as to the actual possession and enjoyment of the premises, the holder of the equitable title under a bond is impliedly entitled thereto as against him who holds the legal title solely for the purpose of securing the payment of the purchase-money, need not be decided, since there was abundant testimony going to show that it was expressly understood and agreed that the plaintiff obligee was to have possession of the premises on April 1, 1920.

4. The fact that by the terms of a preliminary written contract binding the trade for the sale of the premises it was agreed between plaintiff and defendant that "C. E. Sloan shall be allowed to remain in said property until April 1st, 1920," did not have the effect of limiting plaintiff's rights to an action against such person, since he negotiated the trade merely as defendant's agent, and all the facts and surround-

ing circumstances show that he occupied the house not as tenant, but as the husband of the defendant and head of the household.

5. Under the evidence submitted and in accordance with the foregoing rules, the judge to whom the case was submitted did not err in finding in favor of the plaintiff.

　　　　　　　*Judgment affirmed. Stephens and Bell, JJ., concur.*

　　　　　　　　　DECIDED DECEMBER 10, 1923.

Eviction, from DeKalb superior court—Judge Hutcheson. March 10, 1923.

*Parker & Patterson,* for plaintiff in error.
*Etheridge, Sams & Etheridge,* contra.