### 17660.   COLLIER INCORPORATED *v.* BUICE.

BROYLES, C. J.   1. "There is a malicious abuse of legal process where a party employs civil process wrongfully and unlawfully and for a purpose not intended by law, and for such abuse of civil process an action will lie." *King* v. *Yarbray,* 136 *Ga.* 212 (71 S. E. 131) ; *Atlanta Ice & Coal Co.* v. *Reeves,* 136 *Ga.* 294, 296 (71 S. E. 421, 36 L. R. A. (N. S.) 1112).

2. In an action for malicious abuse of legal process it is not incumbent upon the plaintiff to allege that the action in which the process was issued has terminated in his favor. *King* v. *Yarbray,* supra.

3. A proceeding to evict one in possession of lands can not be maintained unless the relation of landlord and tenant exists between the parties. *Edwards* v. *Blackshear,* 24 *Ga. App.* 622 (101 S. E. 585), and cit.

4. Where the relation of landlord and cropper exists, the cropper can not be dispossessed under a summary warrant. *Robson* v. *Cofield,* 113 *Ga.* 1153 (39 S. E. 472).

5. Under the above-stated rulings and the facts of the instant case, the court did not err in overruling all the demurrers to the amended petition except the special demurrer (which was sustained) to that paragraph of the petition which set up as an item of damages the expense of hiring counsel.

*Judgment affirmed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*

DECIDED DECEMBER 14, 1926. REHEARING DENIED JANUARY 11, 1927.

---

Landlord and Tenant, 36 C. J. p. 618, n. 15; p. 621, n. 61 New. Process, 32 Cyc. p. 541, n. 84; p. 542, n. 90; p. 544, n. 11.

Action for damages; from Lamar superior court—Judge Persons.   August 11, 1926.

*Claude Christopher,* for plaintiff in error.

*H. J. Kennedy,* contra.