## 19204. McHan v. McHan, administrator.

Jenkins, P. J. 1. A statutory proceeding to evict one alleged to be in possession of lands as a tenant can not be maintained unless the relation of landlord and tenant actually exists between the parties. *Edwards* v. *Blackshear*, 24 *Ga. App.* 622 (101 S. E. 585); *Collier* v. *Buice*, 36 *Ga. App.* 198 (3) (136 S. E. 287).

2. Where one, pursuant to a contract of employment, occupies premises belonging to the employer, in connection with his service and for the necessary or better performance thereof, such possession is not adverse to the employer, but is treated as the possession of the employer, and ordinarily the relation of landlord and tenant does not exist between the parties. *Mackenzie* v. *Minis*, 132 *Ga.* 323 (4, 5), 330 (63 S. E. 900, 23 L. R. A. (N. S.) 1083, 16 Ann. Cas. 723).

3. In the instant case the eviction proceeding was brought and successfully maintained by the plaintiff, as an administrator de bonis non, under section 5385 et seq. of the Civil Code (1910), against the defendant as an alleged tenant at will holding over after the giving of the prescribed notice. On the trial it was contended by the plaintiff that the defendant went into possession under the original administrator, to look after the premises for the administrator, for compensation to be paid by the administrator, whereas it was contended by the defendant that he went into possession in his own right, under a claim adverse to the administrator. It is conceded by counsel for the plaintiff that "the relation between the administrator de bonis non and the defendant with reference to his position was the same as the relation which originally existed between the regular administrator and the defendant," and there is no proof of any sort tending to show a termination of the contract of employment by the original administrator or the administrator de bonis non, and a subsequent occupancy by the defendant sufficiently long to warrant an inference of consent to a different holding. Under the authorities cited above, the relation of landlord and tenant was not established.

4. Under the foregoing rulings the verdict in favor of the plaintiff was not authorized, and the defendant's motion for a new trial should have been granted.

*Judgment reversed. Stephens and Bell, JJ., concur.*

Decided April 9, 1929.

*A. H. Burtz, Morris, Hawkins & Wallace,* for plaintiff in error. *William Butt,* contra.