22145.   STEPHENSON *v.* KELLETT.

DECIDED NOVEMBER 16, 1932.

*Wright & Covington, E. S. Taylor,* for plaintiff in error.
*C. D. Rivers,* contra.

HOOPER, J.   T. J. Kellett sued out against J. S. Stephenson a dispossessory warrant seeking to evict him from certain lands in Chattooga county, as a tenant holding over.   The defendant filed a counter-affidavit.   Upon the trial the plaintiff introduced in evidence a certain contract under which the defendant was in possession of the premises in dispute, and produced witnesses to show the fair rental value of the property involved.   The defendant introduced no evidence, and the court directed a verdict in favor of the plaintiff for possession of the premises, instructing the jury to determine the rental value of the property from the date of demand by the plaintiff to the time of trial.

In order for the plaintiff to recover in dispossessory pro-

ceedings under § 5385 of the Civil Code (1910), it must appear that the relation of landlord and tenant exists between the parties. McHan v. McHan, 39 Ga. App. 632 (147 S. E. 903), and cit. The controlling question in this case is whether the contract between plaintiff and defendant was a contract of rental coupled with an option to buy, or a contract of sale. The contract recited, among other things, that the plaintiff was leasing the premises to the defendant for a period of "one year" beginning January 6, 1930, and ending November 1, 1930, "at and for certain annual payments to be made by the said party of the second part to the said party of the first part . . promptly at the place and on the dates designated as follows: The sum of $426.14 to be paid November 1, 1930." Defendant agreed in addition "to pay all taxes, insurance, assessments, and all other charges of every kind which may arise by operation of law or otherwise come against said property, and make all repairs and improvements thereon, and keep the same in good repair and safe condition and well cultivated—all at his own expense." Any payment in default was to bear interest at 8% until paid, and in the event of suit the plaintiff was entitled to recover reasonable attorney's fees on the amount involved. Any injury to or destruction of the buildings on the property was to be repaired or restored by the defendant. Paragraph 10 of the contract provides: "In the event of a default, or defaults, in the term or any of them, under this lease contract, either in the payments stipulated or in any obligation hereunder on the part of the said party of the second part, the said party of the first part shall thereupon have and be entitled to exercise all the rights and remedies and reliefs provided for landlords under the laws of Georgia. If any of the annual payments herein stipulated for shall not be paid promptly when due, then and in that event it is expressly agreed that the same shall be the liquidated rental value of said lands for that year, and that the relation of landlord and tenant shall arise between the parties hereto, and the said party of the first part shall have the right to proceed to collect the said payments by the foreclosure of a landlord's lien, general and special, either or both, for rents, against the property of the said party of the second part and against the crops raised on said lands during that year." Paragraph 12 recites that "should party of the second part truly and promptly make said payment when due, and fulfil

all his obligations hereunder, then party of the first part, his heirs and assigns, will be bound to make to party of the second part, his heirs or assigns, good and sufficient titles in fee simple to said above described lands."

We think that the trial court committed error in charging the jury that the contract was one of rental and not of sale. Defendant in error cites and relies largely upon the case of *Crawford* v. *Cathey,* 143 *Ga.* 403 (85 S. E. 127), and a reading of that case discloses that the contract there involved was quite similar to the contract now under consideration. This material difference, however, exists: In the instant case the defendant obligated himself at all events to pay on November 1st, 1930, the sum of $426.14, besides making all the other payments and performing all the other obligations contained in the contract. In the case just cited the tenant agreed to pay certain stipulated rent for a stipulated period, and he was given "the right and privilege, in the event that he has fully paid all sums due under the contract of lease and complied fully with all the other stipulations, to pay to [the landlord] the additional sum of $950," and thereupon receive a deed to the property. It can not be said in the instant case that the defendant was a tenant having an option to buy in the event that he complied with the terms of his lease, because the contract in question unconditionally obligated him to make all the payments referred to, including the last payment of $426.14, and it furthermore attempted to give the vendor the rights and remedies of a landlord to enforce such payments. The same distinction exists between the case at bar and the other case cited by the defendant in error, of *Spooner* v. *Shelfer,* 152 *Ga.* 190 (108 S. E. 773), wherein the tenant was given the right and privilege of converting the lease into a contract of sale by paying, in addition to the specified rents, the sum of $2250 cash and giving a note for $3250. We adopt the view of counsel for the plaintiff in error that this contract comes within that class of agreements, such as contained in the case of *Gibson* v. *Alford,* 161 *Ga.* 672 (132 S. E. 442), wherein the payments specified were denominated as rental, but the seller, upon receipt thereof, bound himself to execute a deed to the property. The contract in that case provided that upon default in payment the purchaser could "be evicted as a tenant holding over, and he shall be so considered." An instrument containing stipulations for paying rent

during a term, with a provision that on making the last payment title shall vest in the so-called lessee, constitutes, in the case of personal property, a conditional sale. *North* v. *Gobel,* 138 *Ga.* 739 (76 S. E. 46), and citations. The same principle of construction must be applied to the contract in the instant case. See collection of authorities and elaborate discussion by Justice Hines in the case of *Enterprise Distributing Corporation* v. *Zalkin,* 154 *Ga.* 97 (113 S. E. 409), et seq.

■ The plaintiff, J. T. Kellett, testified without objection as follows: "Mr. Stephenson paid me $50 the day the contract was written. The reason he paid the money, he wanted it all charged, but I had sold him some land before that and he fell down on it, and I told him I couldn't, and he paid me that to hold by, to pay the expenses of drawing papers. So the $50 was down payment on the land. . . I was selling the land at $426.14 plus the $50." The plaintiff, who was claiming under the contract, did not leave the contract to stand for itself but introduced parol testimony to explain the meaning of its terms, and under his own explanation the contract appears to be a contract of sale and not of lease. This court, therefore, were the contract susceptible of two interpretations, would have to construe it against the contentions of the plaintiff. See *Atlanta Street Railroad Co.* v. *City of Atlanta,* 66 *Ga.* 104 (1).

■ Counsel for plaintiff in error insists that if the contract be construed as one of sale, the summary proceedings to evict would not lie. It seems that the contract attempts, in paragraph 10 thereof, to give the seller, on default in any payments by the purchaser, all the rights and remedies provided for landlords, and provides that if any of the annual payments are not made promptly when due, the same shall be the liquidated rental value of said lands, and that the relation of landlord and tenant shall thereupon arise between the parties. Does this contract waive the requirement of law that the relation of landlord and tenant must exist in order for the plaintiff to maintain this proceeding? Section 10 of the Civil Code (1910) provides that "Laws made for the preservation of public order or good morals can not be done away with or abrogated by any agreement; but a person may waive or renounce what the law has established in his favor when he does not thereby injure others or affect the public interest." The question

as to what principles, provisions, and enactments of law may be waived by express contract of the parties affected thereby is discussed in *Traders Investment Co.* v. *Macon Ry. & Light Co.,* 3 *Ga. App.* 125 (59 S. E. 454); *Miller* v. *Roberts,* 9 *Ga. App.* 511 (71 S. E. 927), and citations. See also 13 Corpus Juris, 446, and cases cited. It is not necessary in this case, however, to decide whether the above requirement of law as to the relation of the parties could legally be waived, though the writer is personally of the opinion that it could. The contract in this case did not sufficiently waive such requirement, for it did not provide that on default by the purchaser the seller might treat it as one of rental and thereupon recover either a fair rental value or a reasonable stipulated rental for the premises. On the contrary, it provided in effect that in case of default the seller could recover the actual purchase-price of the land as rent for the year in question. In that event he would, under the contract, collect the entire purchase-price of the land as rent for one year, and would still retain title to the land. It is clear that this would constitute a forfeiture, especially in view of the plaintiff's own evidence that a fair rental value would be $100 a year or less. The plaintiff must have realized himself that he could not recover under the guise of rent the stipulated purchase-price of the land, which masqueraded under the name of rent, for the plaintiff proved and sought to recover and did recover only a reasonable rental for the period subsequent to the date of demand, instead of seeking the so-called rent under the contract. See *Beveridge* v. *Simmerville,* 26 *Ga. App.* 373 (1) (106 S. E. 212).

It follows that the evidence does not support the verdict, and, accordingly, the trial court erred in overruling the motion for a new trial.

*Judgment reversed. Broyles, C. J., concurs. MacIntyre, J., not presiding.*