23652, 23713. ATLANTIC LIFE INSURANCE COMPANY *v.* RYALS
*et al.;* and *vice versa.*

SUTTON, J. Dispossessory proceedings were instituted by the insurance company against the defendants as tenants at sufferance, to evict them from described premises. The defendants filed a counter-affidavit, in which they denied that they were tenants of the plaintiff. Upon the trial of the issue thus formed it was proved that the premises were conveyed to the plaintiff by the Real Estate Loan Company to secure debt, and that the said loan company conveyed the premises to J. Cheston King by a deed which recited that the same were conveyed subject to the loan deed in favor of the plaintiff, which King expressly agreed to assume; and that King thereafter, on December 31, 1924, conveyed the premises to Mrs. W. T. Ryals, one of the defendants herein (the other defendant being her husband), by a deed which recited that it was made subject to the loan deed in favor of the plaintiff insurance company, Mrs. Ryals expressly agreeing thereby to assume and pay off the loan in favor of the plaintiff. Mrs. Ryals and her husband had remained in possession of the premises from the date on which they went into possession under the deed from King to Mrs. Ryals. Mrs. Ryals defaulted in the payment of said loan to the plaintiff company, and that company elected to exercise the power of sale contained in the security deed to it, and accordingly the property was duly sold before the court-house door of Toombs county and was bid in by the plaintiff and a deed to the premises made to it pursuant to said power of sale, on January 12, 1932. The present proceedings were instituted on November 1, 1932. The court directed a verdict for the defendants, and to this verdict and the judgment entered thereon the plaintiff excepts in the main bill of exceptions. The defendants offered an amendment to the counter-affidavit, which was disallowed by the trial judge, and to this judgment they except in the cross-bill of exceptions. *Held:*

1. The statutory dispossessory proceedings under section 5385 et seq. of the Civil Code of 1910 can not be maintained against a person in possession of premises, unless there exists between the plaintiff and that person the relation of landlord and tenant. *McHan* v. *McHan,* 39 *Ga.*

*App.* 632 (147 S. E. 903); *Stephenson* v. *Kellett*, 46 *Ga. App.* 27 (166 S. E. 457); *Griffeth* v. *Wilmore*, 46 *Ga. App.* 96 (2) (166 S. E. 673).

2. "Where all right, title and interest of an owner of land has been divested by a sale made pursuant to a power of sale given by him in a deed to land to secure a debt, and he thereafter remains in possession, he is a tenant at sufferance of the purchaser, and, as such, may be summarily dispossessed as provided in section 5385 of the Civil Code of 1910." *Radcliffe* v. *Jones*, 46 *Ga.* 33; *Lowther* v. *Patton*, 45 *Ga. App.* 543 (165 S. E. 487); *Williams* v. *Federal Land Bank of Columbia*, 44 *Ga. App.* 606 (162 S. E. 408); *Anderson* v. *Watkins*, 42 *Ga. App.* 319 (156 S. E. 43); *Hill* v. *Kitchens*, 39 *Ga. App.* 789 (148 S. E. 754). This is so although the defendant was not the grantor in the security deed, but was a successor in title to that grantor, having, in the deed from that grantor to her, which was made subject to the security deed in favor of the plaintiff in this case, expressly assumed the obligation to pay the debt represented by said security deed, as a part of the consideration paid for the land. No claim of any right, title, or interest in the property was set up in her husband; and it does not appear that he attempted to assert any claim of interest therein.

3. Under section 5387 of the Civil Code (1910), a tenant may arrest dispossessory proceedings by filing a counter-affidavit and making a bond. This section enumerates three different defenses whereby a tenant may arrest the proceedings to evict him. The first defense is that his term has not expired; the second that the rent for part of the unexpired term is not due; and the third denies that the relationship of landlord and tenant exists.

(a) A counter-affidavit in a dispossessory proceeding, setting up that the relationship of landlord and tenant did not exist between the parties, can not be amended by setting up matters not germane to the issue made by the filing of such counter-affidavit. *Patrick* v. *Cobb*, 122 *Ga.* 80 (49 S. E. 806); *Brown* v. *Bonds*, 125 *Ga.* 833, 836 (54 S. E. 933); *Crawford* v. *Crawford*, 139 *Ga.* 394 (77 S. E. 554).

(b) A greater portion of the amendment disallowed by the court was not germane to the issue involved, which was tenancy or no tenancy. By it the defendants attempted to set off, against the indebtedness represented by the security deed to the plaintiff, an abatement in the purchase-price of the land, on account of a deficiency in the number of acres, the plaintiff having been a predecessor in title of the premises, and having conveyed the same to the Real Estate Loan Company, and that company having conveyed the same back to plaintiff to secure the unpaid portion of the purchase-price, being the security deed involved in this case, part of the purchase-price paid by the defendant wife being the assumption of said secured debt. Also, the defendants sought by this amendment to have certain alleged damages for alleged malicious use of a legal process by the plaintiff, for a purpose not intended by the law in suing out the present proceedings, set off against the indebtedness represented by said security deed from the loan company to plaintiff. The defendants sought also to have the remainder of the indebtedness represented by said security deed decreed to be barred by the statute of limitations. These items were not recoverable of the

plaintiff, and at least were not matters germane to the issue involved in this case, and the court did not err in disallowing the amendment.

(c) The defendants sought also by this amendment to set up a prescriptive title in them as against the grantee in said security deed. "Adverse possession of lands, under written evidence of title, for seven years, shall give a like title by prescription." Civil Code (1910), § 4169. For a prescriptive title to ripen under this section, the possession must be adverse. "Possession under another is adverse to everybody but that other under whom it is held." As to the person under whom the claimant claims, or his privies, possession by the claimant was not and never became adverse, though it was adverse to the rest of the world. *Adams v. Guerard*, 29 *Ga.* 651 (2), 673 (76 Am. D. 624); *McLaren v. Irvin*, 63 *Ga.* 275. The defendant was a privy to the plaintiff, claiming under the grantor in the security deed to the plaintiff. Plaintiff conveyed the lands in controversy to the Real Estate Loan Company, and that company conveyed the same back to the plaintiff by security deed. The loan company conveyed the lands to King, subject to said security deed to plaintiff, and King expressly assumed the same. King conveyed the same to the defendant wife, subject also to said security deed, and she expressly assumed the payment thereof. It appears that some payments were made on the principal and interest of this indebtedness during the seven-year period in which, the defendants contend, their prescriptive title was ripening. In these circumstances the defendants were not in possession of said lands adversely to the plaintiff, and had no title by prescription against it.

(d) Moreover, the exercise of the power of sale contained in the security deed to the plaintiff, which was apparently acquiesced in by the defendants and was admitted by them to have been duly exercised, divested the equitable estate or equity of redemption in the premises of the defendant wife. Any valid claim of the defendants against the grantee in the security deed, as to the indebtedness represented by said security deed, should have been exercised before the property was thus duly sold under the power of sale by the grantee in the security deed, the plaintiff herein.

4. The motion to dismiss the main bill of exceptions upon the ground that there was no attempt to brief the evidence in the case, being without merit, is denied.

5. It follows that the court erred in directing a verdict for the defendants.

*Judgment reversed on the main bill of exceptions; affirmed on the cross-bill. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MARCH 16, 1934. REHEARING DENIED MARCH 31, 1934.

*George H. Harris,* for plaintiff. *W. T. Burkhalter,* for defendants.