## 24061. MALONE *v.* FLOYD.

DECIDED MARCH 1, 1935.

*J. H. Paschall, H. L. Barnett,* for plaintiff.

*Y. A. Henderson,* for defendant.

STEPHENS, J. T. W. Malone, on January 8, 1934, instituted a summary proceeding under the Code of 1910, § 5385, to evict G. L. Floyd as a tenant holding over. The defendant, in a counter-affidavit filed to arrest the proceedings, averred that he was in possession as a cropper, but also averred that during the year 1933 he became a tenant of the property for the entire year 1934. The case went to trial upon the issue thus formed. The plaintiff testified as follows: "The defendant Floyd is in possession of the house and premises described in the dispossessory warrant sued out by me, and I have demanded possession of same, which he has failed and refused to surrender. I rented the defendant a crop in 1933 for the year 1933. He paid me one-half of the crops made by him, and I furnished stock, tools, and supplies and received one-half the crops grown by Floyd in 1933. This contract expired December 31, 1933, and defendant had agreed to vacate my premises on that date. He has no rental contract with me whatever for 1934, and has no right to remain in my house that he occupies. His time expired December 31, 1933."

The defendant's counter-affidavit was as follows: "Georgia, Gordon County. Personally came G. L. Floyd, who on oath declares with reference to the evicting affidavit of T. W. Malone, this day exhibited to him, that his term of rent has not expired; for in fact affiant is not a tenant, but is a cropper, and not now nor never has been a tenant of the said T. W. Malone, but is what is known in custom and law as a "cropper," or share worker, that is, receives one-half of the crops produced for his labor, and is therefore for this reason not subject to the eviction proceedings, in that and for the reason that the relation of landlord and tenant does not exist between affiant and said T. W. Malone; and affiant says further that even if he were subject to eviction, his term has not expired and he is not holding over, for the reason that he rented the premises which he is occupying from the said T. W. Malone last year for the entire year of 1934, and is not for this reason subject to be evicted on the affidavit of the said T. W. Malone. Therefore affiant says that he is not subject to be evicted,

for the reason alleged in said affidavit, nor for any other reason."

While the plaintiff testified that the defendant had no contract of rental for the year 1934, he testified unequivocally that the contract under which the defendant had worked as a cropper had expired on December 31, 1933, and that the defendant had agreed to vacate the premises on that date. The defendant, in averring in the counter-affidavit that he had a contract of rental for the year 1934, admitted that after December 31, 1933, and at the time of the institution of the dispossessory proceeding on January 8, 1934, he was not in possession of the premises as a cropper. It therefore appears, not only from the testimony of the plaintiff, but from the admission of the defendant himself in the counter-affidavit, which is an admission in judicio, that at the time of the institution of the eviction proceedings the contract of cropper had expired, and that the defendant at the time had ceased to occupy the premises as a cropper, but occupied them under a different relationship. The defendant, being in possession of the plaintiff's property, was presumably a tenant. Code of 1910, § 3692. Decisions in cases such as *MacKenzie* v. *Minis,* 132 *Ga.* 323 (63 S. E. 900, 23 L. R. A. (N. S.) 1003, 16 Ann. Cas. 723), which hold that where a servant who, as a part of his contract of service, has occupied premises of the master, his continued occupancy of the premises after the expiration of the contract of service does not ipso facto convert the servant's relationship to the premises to that of a tenant, but that such relationship is not inferred until his continued occupancy has existed for such time as authorizes an inference that by consent it has become converted into a tenancy, are not applicable to the situation here presented, where it appears, not only that the relationship of the defendant as cropper had terminated, but that after its termination his occupancy of the premises was of a different character from that of a cropper, under which relation he had entered and in which capacity he had occupied the premises until December 31, 1933. In *Kimbrough* v. *Kimbrough,* 99 *Ga.* 134 (25 S. E. 176), where the original occupancy of the premises by the defendant was as a husband living with his wife in a house which belonged to her, it was held that his continued occupancy of the house after the wife had moved away was as a tenant by sufferance, and that he could as such be summarily dispossessed. In *Hill* v. *Kitchens,* 39 *Ga. App.* 789 (4) (148 S. E. 754), it was

stated: "An estate at sufferance arises where one comes into possession of land by lawful title, but keeps it afterwards without any title at all. [Citations.] The original entry need not have been under lease or as a tenant of the dispossessing landlord. [Citations.]" As authority for this last statement *Kimbrough* v. *Kimbrough,* supra, was cited. See also *Godfrey* v. *Walker,* 42 *Ga.* 562 (6); *Smith* v. *Singleton,* 71 *Ga.* 68. The defendant, in holding over after the expiration of his term as cropper, notwithstanding his occupancy of the premises as cropper may not have been that of a tenant, occupied the premises as a tenant by sufferance, and as such could be summarily dispossessed under section 5385, supra.

The evidence was sufficient to authorize a finding for the plaintiff, and the court erred in granting a nonsuit.

*Judgment reversed. Jenkins, P. J., concurs. Sutton, J., dissents.*

SUTTON, J., dissenting. 1. Before one occupying the premises of another can be summarily dispossessed under the Code of 1910, § 5385, the relation of landlord and tenant must exist between the parties. *Henry* v. *Perry,* 110 *Ga.* 630 (36 S. E. 87); *Watson* v. *Toliver,* 103 *Ga.* 123 (29 S. E. 614); *Edwards* v. *Blackshear,* 24 *Ga. App.* 622 (101 S. E. 585); *Collier Inc.* v. *Buice,* 36 *Ga. App.* 198 (136 S. E. 287).

2. "Where one is employed to work for part of the crop, the relation of landlord and tenant does not arise. The title to the crop, subject to the interest of the cropper therein, and the possession of the land, remain in the owner." Code of 1910, § 3707. Where the contract of a cropper has expired and he continues in possession of the premises, his occupancy is not changed immediately to a tenancy at will or by sufferance, but to have that effect his subsequent occupancy must be for a sufficient length of time to warrant an inference of consent to a different holding than that of a cropper. *MacKenzie* v. *Minis,* 132 *Ga.* 323 (5) (supra). Under the evidence in this case, the defendant's contract as a cropper was for the year 1933, and expired on December 31, 1933, and the defendant had no right to remain in the plaintiff's house after that time. The dispossessory warrant proceeding was issued against the defendant on January 8, 1934. The only evidence introduced was that of the plaintiff, quoted in the opinion by Judge Stephens. I am of the opinion that, under the evidence and the law applicable

thereto, the relation of landlord and tenant did not exist or arise between the parties in this case, and that the court properly awarded a nonsuit. I dissent from the opinion of the majority of the court.