36301.   MARSHALL *v.* COZART.

DECIDED NOVEMBER 20, 1956.

*Paul Blanchard, Arthur F. Copland,* for plaintiff in error.

*John G. Cozart, W. Stanford Willis,* contra.

QUILLIAN, J. 1. While it is true that a tenant cannot dispute the landlord's title in a dispossessory proceeding, this relationship must be shown to exist before this rule applies. *Griffeth* v. *Wilmore,* 46 *Ga. App.* 96 (2) (166 S. E. 673). The plaintiff made an agreement with the defendant's agent to accept a certain sum each month. The defendant insists that this was not rent, whereas the plaintiff contends that it was. Both parties did agree that the agreement was made "without prejudice." The plaintiff testified, in regard to the agreement between him and the defendant's attorney, that "without prejudice" meant that the defendant, regardless of what his status was at the time of the agreement, elected to occupy a different status in order to postpone the raising of the issue as to his correct status. To this the defendant's counsel did not agree and the plaintiff's testimony in this behalf amounted to no more than a contention presented by his evidence. The following definition given for "without prejudice" is found in 69 C. J. 1318: "The phrase when incorporated in contracts, stipulations, and other written instruments, imports that the parties have agreed that, as between themselves, the doing or failure to do the agreed act, or the receipt of the money by one and the enjoyment by the other, shall not, because of the doing or not of

the act, or the facts of the receipt and payment, have any legal effect upon the rights of the parties in the premises; that such rights will be as open to settlement by negotiation or legal controversy as if the agreement had not been made or the money had not been turned over by the one to the other." In 45 Words & Phrases 439, 440, the following definition is given: "The words 'without prejudice' import into any transaction that the parties have agreed that as between themselves the receipt of money by one and its payment by the other shall not of themselves have any legal effect on the rights of the parties, but they shall be open to settlement by legal controversy as if the money had not been paid. Hinton *v.* Bogart, 140 N. Y. S. 111, 113, 70 Misc. 418."

We cannot agree with the plaintiff as to his definition of "without prejudice," and the record does not show that both parties intended that the words "without prejudice" should be construed as the plaintiff contends. Therefore we must construe the phrase to have its common meaning. The agreement having been made "without prejudice," the rights of the parties were not affected by the agreement and such rights were open to settlement or negotiation, or legal controversy, as if the agreement and payments had never been made.

2. The will of Emma Parker Mahone Marshall, the late wife of defendant, embraced these items: "Item Second. I give, devise and bequeath my home place, No. 1700 Fifth Avenue, Columbus, Georgia, to my mother, Lila Parker, for and during her natural life, with remainder to my son, William Henry Mahone. Item Third. Even though I have given a life estate in my home place, No. 1700 Fifth Avenue, Columbus, Georgia, to my mother, it is my wish that my husband, George Marshall, be permitted to reside in said residence as long as he shall live and remain unmarried." The question arises as to what interest vested in the defendant under this will. It was held in *Hunter* v. *Stembridge,* 12 *Ga.* 192, 194, that "when the words of the will are those of recommendation, or precatory, or expressing hope, or that the testator has no doubt, &c.—if the *objects* in regard to whom such terms are used are *certain,* and the *subjects of property* to be given, are also *certain,* the words are considered *imperative,* and create a *trust.*"

It is stated in Redfearn, Wills and Administration of Estates in Georgia, p. 321, § 183: "A precatory trust is one in which the maker of the instrument has expressed words of entreaty, wish, or recommendation in a manner sufficiently imperative to show that he intended that his wishes be observed by the person to whom he has conveyed the legal title to property. When a testator devises or bequeaths property to a person, and in so doing uses words of wish or entreaty—precatory words—in relation to some other person or object, a trust will arise which equity will enforce, provided (1) that it appears that the intention of the testator is to make the wish, entreaty, or request so imperative that the legatee or devisee has no option as to whether he will observe the testator's wishes or not; (2) that the beneficiaries are sufficiently designated as to be ascertainable; (3) that the subject matter—the trust property—is clearly designated; and (4) that the manner in which the trust is to be administered is expressed."

In this case it is clear that the testatrix intended to grant the mother control of the house, but that the defendant was to have the right to live there so long as he remained unmarried. This in effect created a joint life estate in Lila Parker and the defendant. Lila Parker sold her life estate to the plaintiff, but she could convey no better title than she possessed. Therefore, upon purchasing Lila Parker's life estate the plaintiff became a tenant in common with the defendant. A dispossessory warrant will not lie if the relationship of landlord and tenant does not exist. If the defendant holds possession in some other capacity rather than as a tenant, this remedy is not applicable. *Watson* v. *Toliver*, 103 *Ga.* 123 (29 S. E. 614); *Henry* v. *Perry*, 110 *Ga.* 630 (36 S. E. 87); *Garrick* v. *Tidwell*, 151 *Ga.* 294 (106 S. E. 551); *Griffeth* v. *Wilmore*, 46 *Ga. App.* 96. The trial judge erred in denying the defendant's motion for a new trial.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*